### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

FATIMA A. ABREU-GOMEZ,  :
    Petitioner   :  **Civ. No. 05-1508 (EGS)**
         :
    v.     :
         :
AARON L. CABRERA, et. al.,  :
    Respondents  :

### RESPONDENTS' MOTION TO DISMISS PETITIONER'S EMERGENCY
### PETITION FOR A WRIT OF HABEAS CORPUS AND EMERGENCY MOTION
### <u>FOR PRELIMINARY INJUNCTION</u>

   The federal respondents, by and through their attorney, the United States Attorney for the

District of Columbia, respectfully move the Court to dismiss the petitioner's emergency petition

for writ of habeas corpus and emergency motion for preliminary injunction or, in the alternative,

to transfer the petitioner's petition for a writ of habeas corpus, and her motion for emergency stay

of removal and immediate release, to the United States District Court for the San Antonio

Division of the Western District of Texas.  In support of this motion, the respondents submit the

following:

### <u>BRIEF PROCEDURAL HISTORY</u>

   On or about April 25, 2005, the petitioner, Fatima Abreu-Gomez, a native and citizen of

Cuba, and a citizen of Spain, attempted to enter the United States, by land, by presenting to

immigration officers a Cuban birth certificate and identification card at the Brownsville, Texas

port of entry. <u>See</u> Exhibit A (Record of Deportable/Inadmissible Alien).  The petitioner was

referred to "secondary" inspection, where "she admitted to being a citizen of Cuba who was

seeking political asylum." <u>Id</u>.  The petitioner was subsequently issued an expedited removal order

-1-

pursuant to INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), on the basis that she was inadmissible to the

United States pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), because she

was not in possession of a valid entry document or other suitable travel document, or document

of identity and nationality at the time of her application for admission. See Exhibit B (Notice and

Order of Expedited Removal).  On May 9, 2005, the Department of Homeland Security ("DHS")

determined that the petitioner did not have a credible fear if deported back to Spain. See Exhibit

C (Record of Negative Credible Fear Finding and Request for Review by Immigration Judge).

The petitioner requested a review of the credible fear determination, and, on May 16, 2005, after

hearing testimony, an immigration judge found that the petitioner had not established a

significant possibility that she would be persecuted on the basis of any protected ground or that

she would be tortured in Spain. See Exhibit D (Order of the Immigration Judge).

On June 7, 2005, the petitioner, through counsel, filed an emergency petition for a writ of

habeas corpus in the United States District Court for the Western District of Texas. In support of

her petition, the petitioner argued, as she has in the instant petition, that she had been improperly

placed in the "expedited" removal proceedings and relied on the August 11, 2004 DHS directive

for the proposition that Cuban nationals are exempted from "expedited" removal proceedings. In

essence, the petitioner argued that the government had not properly applied the August 11, 2004

DHS directive to her case and improperly place her in "expedited" removal proceedings rather

than Section 240 removal proceedings. See Exhibit E (Petitioner's Petition filed on June 7, 2005

without attachments) and Exhibit I (August 11, 2004 DHS directive).

On July 18, 2005, the United States District Court for the Western District of Texas

transferred the petition to the Fifth Circuit, pursuant to section 106(c) of the REAL ID Act of

2005 ("REAL ID Act"), Pub. L. No. 109-13, Div. B., 119 Stat. 302 (May 11, 2005). The United

States filed a motion to dismiss the petitioner's petition on July 20, 2005. <u>See</u> Exhibit F

(Respondent's Motion to Dismiss). The United States argued that the Fifth Circuit did not have

jurisdiction because the REAL ID Act did not apply to expedited removal orders. The United

States further argued that the Fifth Circuit should not transfer the case back to the United States

District Court for the Western District of Texas and should not transfer the case to the United

States District Court for the District of Columbia because both courts lacked jurisdiction over the

petitioner's specific claims. <u>Id</u>. at pp. 4-6.  In her reply to the United States' motion to dismiss,

filed on July 21, 2005, the petitioner, through counsel, requested that the Fifth Circuit transfer the

matter to the United States District Court for the District of Columbia or, in the alternative, to the

United States District Court for Western District of Texas for consideration of her claim that she

is exempt from the applicability of expedited removal proceedings as a result of the August 11,

2004 DHS directive which she alleges exempts Cuban citizens from the expedited removal

process, the same argument made in her instant petition.  <u>See</u> Exhibit G at pp. 6, 14 (Petitioner's

Reply to Respondent's Motion to Dismiss).  On July 26, 2005, the Fifth Circuit granted the

government's motion to dismiss and denied the petitioner's motion. <u>See</u> Exhibit H (Fatima

Abreu-Gomez v. Alberto R. Gonzales, et al, No. 05-60686 (per curiam)).

On July 29, 2005, the petitioner filed, <u>pro se</u>, the instant emergency petition for writ of

habeas corpus and emergency motion for preliminary injunction, which mirrored the petition she

filed in the Western District of Texas. Counsel was appointed on August 11, 2005 and the

petitioner, through counsel, filed an amended petition on August 25, 2005.

## ARGUMENT

I.   **There Is No Jurisdiction Over the Petitioner's Specific Claims In the District of Columbia Or Any Other U.S. District Court**

   A.   **This Court Does Not Have Jurisdiction Pursuant to 8 U.S.C. § 1252(e)(3).**

   The petitioner argues that this Court has jurisdiction, pursuant to 8 U.S.C. § 1252(e)(3), to review her claim that the Department of Homeland Security has not properly applied the DHS directive issued on August 11, 2004 to her case and that, if DHS had properly applied the August 11, 2004 DHS directive (and subsequent explanatory September 14, 2004 memorandum) to her, that she would not be subject to "expedited removal." While this Court would have jurisdiction over a limited number of arguments concerning expedited removal orders, the petitioner's claim is not one of them.

   The petitioner was issued an expedited removal order pursuant to INA § 235(b)(1), 8 U.S. C. § 1225 (b)(1). As such, this Court has jurisdiction over a very limited number of issues. INA § 242(e)(3) provides that judicial review of such INA § 235(b)(1) determinations and its implementation is available in an action instituted in the District of Columbia, but is limited to whether the section, or any regulation issued to implement the section, is unconstitutional, or whether such a regulation, "written" policy directive, "written" policy guideline, or "written" procedure issued by or under the authority of DHS to implement this section is inconsistent with the provisions of INA § 242(a), or otherwise in violation of the law.[1]

_____

[1] More specifically, 8 U.S.C. § 1252(e)(3)(A) states:
    (3) Challenges on the validity of the system
        (A) In general
            Judicial review of determinations under Section 1225(b) of this title
            and its implementation is available in an action instituted in the United
            States District Court for the District of Columbia, but shall be limited

However, the petitioner is not challenging the legality of Section 1225(b), any regulation issued to implement the section, DHS's written policy directive issued on August 11, 2004, or DHS's September 14, 2004 Memorandum, but, to the contrary, is arguing that the DHS directive and memorandum are entirely lawful and  should be applied to her. Thus, her claim is not one over which this Court has jurisdiction. See Li v. Eddy, 259 F.3d 1132, 1136 (9th Cir. 2001) (judicial review in the District of Columbia is limited to whether the regulations implementing the expedited removal authority are constitutional), later vacated as moot, 324 F.3d 1109 (9th Cir. 2003).

Additionally, any action instituted pursuant to INA § 242(e)(3) must be filed "no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure" described is implemented. INA § 242(e)(3)(B), 8 U.S.C. § 1252(e)(3)(B). Thus, in the instant case, such a challenge had to be filed no later than October 12, 2004, which is 60 days after August 11, 2004, the day the directive in question was implemented.[2]  However, the petitioner filed the instant petition on July 29, 2005, well past the 60 day limit and this Court therefore

_____

to determinations of

   (i) whether such section, or any regulation issued to implement such section, is constitutional; or

   (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law. (emphasis added).

[2]In her supplemental pleading, the petitioner cited a September 14, 2004 Memorandum in support of her arguments. To the extent that she is challenging the validity of this Memorandum pursuant to Section 242(e)(3), her petition was still filed well past the 60 day jurisdictional limit.

lacks jurisdiction over her petition. See American Immigration Lawyers Assn. v. Reno, 18

F.Supp.2d 38, 46-57 (D.D.C. 1998) (any action challenging the validity of the expedited removal

system pursuant to Section 242(e)(3) must be filed no later than 60 days after the date the

challenged directive, guideline or procedure was first implemented, not the date the regulation

was applied to the alien; the 60 day requirement is jurisdictional), aff'd, 199 F.3d 1352, 1356-57

(D.C. Cir. 2000) (affirmed district court's dismissal of several plaintiffs who did not file within

60 day limitation); Li v. Eddy, supra, 259 F.3d at 1136 (systemic challenges are to be filed within

60 days of the promulgation of the expedited removal procedures).

>   **B.    This Court Or Any Other United States District Court Does Not Have Subject
>   Matter Jurisdiction Over The Petitioner's Specific Claims.**

This Court and any other United States District Court lacks subject matter jurisdiction

over the petitioner's specific claims. First, it should be noted that the petitioner, in addition to

asking that the Fifth Circuit transfer the petitioner's case to the District of Columbia, in the

alternative, requested that the matter be returned to the United States District Court for the

Western District of Texas. See Exhibit G at p. 14. The Fifth Circuit did not transfer the case to

either court but, rather, granted the government's motion to dismiss. See Exhibit H.

Second, INA § 242(a)(2)(A) provides that no court has jurisdiction to review "any

individual determination or to entertain any other cause or claim arising from or relating to the

implementation or operation of an order of removal pursuant to" INA § 235(b)(1), or "the

application of such section to individual aliens, including the determination made under section

1225(b)(1)(B) of this title, except as provided for in INA § 242(e)(2). 8 U.S.C. § 1252(a)(2)(A).

In turn, INA § 242(e)(2), 8 U.S.C. § 1252(e)(2), provides that review of expedited

removal orders in habeas petitions is limited to determinations of –

(A) whether the petitioner is an alien,
(B) whether the petitioner was ordered removed under such section, and
(C) whether the petitioner can prove by a preponderance of the evidence
that the petitioner is an alien lawfully admitted for permanent residence, has
been admitted as a refugee under section 1157 of this title, or has been granted
asylum under section 1158 of this title, such status not having been
terminated, and is entitled to such further inquiry as prescribed by the Attorney
General pursuant to section 1225(b)(1)(C) of this title.

Thus, judicial review of expedited removal orders is limited to whether the expedited removal

order was issued, whether the petitioner was the same person subject to the order, and whether

the petitioner can establish that he or she possesses the "status" of being a U.S. citizen or an alien

previously admitted as a lawful permanent resident, refugee, or asylee.[3]

However, the petitioner does not make a "status" claim or argue that the expedited

removal order was not issued to her.  Instead, the petitioner argues that DHS has improperly

interpreted their rules and directives by not applying the August 11, 2004 DHS directive and the

September 14, 2004 Memorandum to her and that, if DHS had properly applied the August 11,

2004 DHS directive and September 14, 2004 Memorandum to her situation, she would be

exempt from expedited removal because of her Cuban nationality. The petitioner's argument

concerning, not the validity of the written rules and regulations themselves, but the purported

misapplication of those rules and regulations, is not one of the limited grounds subject to judicial

review pursuant to 8 U.S.C. § 1252(e)(2). See American Immigration Lawyers Assn. v. Reno,

supra, 18 F.Supp.2d at 42-43, 57-58 ("[i]n determining whether an alien has been ordered

---

[3]The limited nature of the court's ability to review an expedited removal order is re-emphasized in 8 U.S.C. § 1252(e)(5) which states: "in determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."

removed under section 235(b)(1), the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."), aff'd, 199 F.3d 1352, 1356 (D.C. Cir. 2000) (statute "provided review only for written procedures and thus there was no jurisdiction to challenge the particular practices of immigration officials"); see also Brumme v. INS, 275 F.3d 443, 447-48 (5th Cir. 2001) (holding that district court's judicial review of expedited removal orders is limited to whether the order has been issued and whether the alien was the same person subject to the order; court cannot review whether the provision of expedited removal is applicable to petitioner); Li v. Eddy, supra, 259 F.3d at 1134 (Section 1252(e)(2) does not allow review of whether expedited removal process pursuant to Section 1225 (b)(1) was properly applied); Kommalapatti v. Reno, 2000 WL 85949, *2 (C.D. Cal. 2000) (habeas review of expedited removal orders is limited to whether the petitioner was an alien, whether the petitioner was ordered removed under § 1225(b)(1) and whether the petitioner can prove that the petitioner was lawfully admitted as a permanent resident, as a refugee or has been granted asylum); In Re Li, 71 F.Supp.2d 1052, 1062 (D. Haw.1999) (same); but see American-Arab Anti-Discrimination Committee v. Ashcroft, 272 F.Supp.2d 650, 663 (E.D. Mich. 2003) (court has habeas jurisdiction to determine whether the expedited removal procedures were lawfully applied to alien).

## II.    If Judicial Review of Petitioner's Petition Is Available, This Court Lacks Personal Jurisdiction and the Petition Should Be Transferred to the U.S. District Court For The San Antonio Division of the Western District of Texas

Should the Court conclude that judicial habeas review of the petitioner's expedited removal order is available for her specific claims, the only court with jurisdiction over her habeas

petition, arguably, would be the United States District Court for the San Antonio Division of the

Western District of Texas, the district in which the petitioner is currently detained. The

petitioner's habeas corpus action and motion for stay cannot be brought in the District of

Columbia, because the Court lacks personal jurisdiction over the "person having custody of the

person detained" as required by 28 U.S.C. § 2243.  The petitioner is currently being detained at

the South Texas Detention Complex in Pearsall, Texas. Accordingly, if this Court determines

that judicial review of the petitioner's petition is available, this Court should transfer the

petitioner's petition to the United States District Court for the San Antonio Division of the

Western District of Texas.  See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004) (the proper

respondent in a federal habeas action challenging present physical custody is the warden of the

facility where the petitioner is being held); Rodney v. Secretary of the Army, 405 F.3d 1029,

1032 (D.C. Cir. 2005) (proper respondent in habeas petition is petitioner's immediate custodian,

not supervisory official who exercises legal control);  Stokes v. U.S. Parole Comm'n, 374 F.3d

1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving

present physical custody unless the respondent custodian is within its territorial jurisdiction"),

cert. denied, 125 S.Ct. 448 (2004);  In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988)("A

habeas petition may be adjudicated only in the district in which [petitioner's] immediate

custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-11 (D.C.

Cir. 1988)(en banc) (It is well "settled circuit law" that the immediate custodian, not the Attorney

General or other federal officials with the power to effectuate petitioner's release, is the only

proper respondent in a habeas petition); Guerra v. Meese, 786 F.2d 414, 415-16 (D.C.

Cir.1986)(challenge to "custody" must be brought against petitioner's immediate, on-site

custodian, rather than a supervisory official located in another district).[4]

Because this Court does not have personal jurisdiction over the petitioner's custodian, it likewise lacks jurisdiction to order that same custodian not to remove the petitioner pending a decision on the merits of the petition.  See 8 U.S.C. §1252(b)(3)(providing that the only court permitted to issue stay of removal is the court that will issue a "decision on the petition [for review]"); but see Ozoanya v. Reno, 968 F.Supp. 1, 8 (D.D.C. 1997) (stay granted until final resolution of petition in transferee court).

### III.    The August 11, 2004 DHS Directive Does Not Apply To The Petitioner And Does Not  Exempt All Cuban Nationals From The Expedited Removal Process.

Even if the Court concludes that it has subject matter over the petitioner's specific claim and personal jurisdiction over the proper respondents, the petitioner's argument that she is exempt from the expedited removal process based on her Cuban nationality is without merit. The petitioner, a citizen of Cuba and Spain, who was entering the United States, by land, at the Brownsville, Texas port of entry, is subject to expedited removal pursuant to INA § 235(b)(1)(A)(i), 8 U.S.C. § 1225 (b)(1)(A)(i), and the August 11, 2004 DHS directive does not

---

[4] In Padilla, supra,  the Supreme Court declined to resolve the issue of whether the Attorney General is a proper respondent in a habeas petition filed by an alien detained pending deportation, but noted that the majority of circuit courts of appeal have applied the immediate custodian rule and held that the Attorney General is not a proper respondent. 124 S.Ct. at 2718 n. 8. See, e.g., Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 673-74 (7th Cir. 2003) (Attorney General is not a proper respondent); Roman v. Ashcroft, 340 F.3d 314, 323-26 (6th Cir. 2003) (absent extraordinary circumstances, Attorney General is not proper respondent); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same), cert. denied, 534 U.S. 816 (2001); Yi v. Maugans, 24 F.3d 500, 508 (3rd Cir. 1994) (Attorney General is not a proper respondent); Ozoanya v. Reno, 968 F.Supp. 1, 8 (D.D.C. 1997) (proper respondent was the district INS director in Louisiana, not the Attorney General); but see Armentero v. INS, 340 F.3d 1058, 1073 (9th Cir. 2003) (Attorney General is proper respondent), opinion withdrawn pending further argument, 382 F.3d 1153 (9th Cir. 2004), appeal dismissed on other grounds, 412 F.3d 1088 (9th Cir. 2005).

exempt her from this process. "Arriving" aliens who are inadmissible on the designated grounds are automatically subject to expedited removal procedures, except for Cuban nationals who arrive at a port of entry <u>by aircraft</u>.  INA § 235(b)(1)(A)(i), (b)(1)(F); 8 U.S.C. § 1225 (b)(1)(A)(i), (b)(1)(F).[5]  The petitioner falls within this definition of aliens subject to expedited removal because she was an "arriving" alien who was seeking admission at a port of entry and had not arrived by aircraft and an immigration officer determined during the secondary inspection that the petitioner was inadmissible because she did not have valid documentation. INA § 212(a)(7), 8 U.S.C. § 1182(a)(7). <u>See</u> Exhibit B.  As such, the petitioner was subject to expedited removal pursuant to 8 U.S.C. § 1225(b)(1)(A)(i).

The Secretary of DHS (formerly the Attorney General) has the authority to expand the class of aliens subject to expedited removal proceedings by Federal Register Notice. INA § 235(b)(1)(A)(iii); 8 U.S.C. § 1225(b)(1)(A)(iii).  The August 11, 2004 DHS directive is an example of this authority. <u>See</u> Exhibit I (August 11, 2004 DHS Directive).

The August 11, 2004 DHS directive applies to aliens <u>already present</u>, not arriving at a port of entry in the United States, and made a designated portion of these aliens, already present in the United States, subject to expedited removal proceedings.  It does not apply to arriving aliens at a port of entry in the United States, such as the petitioner, as those aliens were already subject to expedited removal. The August 11, 2004 DHS directive provides:

> (1) Except as provided in paragraph (5), the Department of Homeland Security, through its component bureaus, may place in expedited removal

---

[5]An alien "arrives" in the United States by : (1) seeking admission or transit at a port of entry, or (2) being brought into the United States by any means, whether or not to a designated port of entry, after having been interdicted in international or United States waters. INA § 235(a)(1); 8 U.S.C. § 1225(a)(1); 8 C.F.R. § 1.1(q).

> proceedings any or all members of the following class of aliens: Aliens
> who are inadmissible under sections 212(a)(6)(C) or (7) of the Act, <u>who
> are physically present</u> in the U.S. without having been admitted or paroled
> . . . , who are encountered by an immigration officer within 100 air mile
> of any U.S. international border....<u>This notice does not apply to aliens
> who arrive at U.S ports-of-entry, as these aliens are already subject to
> expedited removal</u>.... (emphasis added).

<u>Id</u>. Thus, the August 11, 2004 DHS directive is inapplicable to the petitioner who was "arriving"

at a port of entry in the United States.  The petitioner is subject to expedited removal process

pursuant to  INA § 235(b)(1)(A)(i); 8 U.S.C. § 1225 (b)(1)(A)(i), and not pursuant to the August

11, 2004 directive.

The petitioner further contends that this DHS directive exempted all Cuban nationals

from the expedited removal process. The petitioner is, once again, in error.  Only those Cuban

nationals, already present in the United States, who would now be covered by this directive are

exempt from the expedited removal process.  The DHS directive specifically states that it is the

expansion of the expedited removal system to certain aliens, who are <u>already present</u> within the

United States, that will not apply Cuban nationals.

> (6) The expedited removal proceedings <u>contemplated by this notice</u> will not
> be initiated against Cuban citizens or nationals. (emphasis added).

Thus, the directive only exempts Cuban nationals, <u>who are already present</u> in the United States,

who otherwise would fall within the expanded class of aliens subject to expedited removal, and

has no application to Cuban nationals who are "arriving" at a port of entry in the United States,

by land, as the petitioner was.[6]

_____

[6]Assuming, arguendo, that the Court determined there was merit to the petitioner's
arguments, the only relief available is to require the petitioner be provided a regular, non-
expedited removal hearing in accordance with INA Section 240. INA § 242(e)(4), 8 U.S.C. §
1252(e)(4); <u>American Immigration Lawyers Assn. v. Reno</u>, <u>supra</u>, 18 F.Supp.2d at 43.

## CONCLUSION

For the above reasons, the petitioner's emergency motion for a writ of habeas corpus and

emergency motion for preliminary injunction should be dismissed or, in the alternative, should be

transferred to the United States District Court for San Antonio Division of the Western District

of Texas.

<div style="margin-left: 45%;">

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____

SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant motion has been filed electronically with
the Court, this 9th day of September, 2005.

<div style="margin-left: 45%;">

_____

Sherri L. Berthrong
Assistant United States Attorney

</div>