# **EXHIBIT E**

07/19/05 10:07 FAX 504 310 7581     US COURT OF APPEALS → INS                    ☒009
07/18/05 15:20 FAX 254 750 1507     CLERK USDC WACO                              ☒004

L-05-60086

FILED
JUN 07 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

ABREU-GOMEZ, Fatima A., )
(Alien # 98 716 947) )
Petitioner, )
)
v. ) Case No.: W05CA223
)
Aaron L. Cabrera, Officer in Charge, )
U.S. Immigration and Customs Enforcement )
("USICE"), U.S. Department of Homeland )
Security ("DHS"), Los Fresnos, Texas, )
Michael J. Garcia, Director, USICE, )
Tom Ridge, Secretary, DHS, Sheriff Larry )
Lynch, McLennan County Sheriff, )
Waco, Texas, )
Respondents. )

## *EMERGENCY* PETITION FOR WRIT OF HABEAS CORPUS
## AND
## *EMERGENCY* MOTION FOR PRELIMINARY INJUNCTION

COMES NOW FATIMA A. ABREU-GOMEZ, hereinafter "Petitioner," by and through the undersigned counsel, and hereby petitions this Honorable Court to immediately grant a hearing to address the issues contained in the instant writ of habeas corpus.

### Jurisdiction

This Court has personal jurisdiction over the Respondents since they may be reached by service. *See, e.g., Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 495 (1973).

This action arises under Due Process Clause of the Constitution of the United States of America. This Court has jurisdiction under 28 USC §1331, 28 USC § 2241, and 8 U.S.C. §1252(f).

## Venue

The petitioner is currently detained at McLennan County Jail, 520 Columbus Ave., Waco Texas, 76701 awaiting expedited removal from the United States. Venue therefore lies in the United States District Court, Western District of Texas, Waco Division, the geographical area where the Petitioner is currently detained at by the Department of Homeland Security for expedited removal.

Venue is proper since McLennan County Jail is situated in Texas. See *Guti v. U.S. INS*, 908, F.2d 495 (9th Cir. 1990); *Vargars v. Swan*, 854 F.2d 1028 (7th Cir. 1988); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 492-94 (10th Cir. 1994).

## Procedural History and Relevant Facts of the Case

The Petitioner, a 33-year-old female, native and citizen of Cuba (Exhibit A), who also happens to be a naturalized citizen of Spain, last entered the United States at Brownsville, Texas from Mexico on April 25, 2005. Exhibit B.[1]

On same date, immediately thereafter, the petitioner was given an initial credible-fear-determination hearing by a Customs and Border Protection Officer.

On May 9, 2005, an Employee of the Department of Homeland Security, Citizenship and Immigration Services ("Service"), Asylum Unit deemed the Petitioner inadmissible to the United States and found that the Petitioner had failed to raise a credible fear claim and therefore ordered the petitioner removed pursuant to Section 235(b)(1) of the Immigration and Nationality Act, i.e., expedited removal proceedings. Exhibit D & E.

---

[1] The Petitioner had previously entered the United States of America "AT [or around] THE BEGINNING OF [2005]" for "1 WEEK OR TEN DAYS," Exhibit C, Record of Sworn Statement.

2

Case 1:05-cv-01508-EGS   Document 9-6   Filed 09/09/2005   Page 4 of 15
07/19/05  10:08 FAX 504 310 7581     US COURT OF APPEALS     → INS              ☒011
07/18/05  15:21 FAX 254 750 1507     CLERK USDC WACO                            ☒006

The Petitioner then sought review of the Service's adverse decision by an immigration judge pursuant to Section 235(b)(1)(B)(iii)(III) of the Immigration and Nationality Act, 8 U.S.C. §1225(b)(1)(B)(iii)(III), and 8 C.F.R. § 208.30.(g), and therefore the Service referred the Petitioner's case to an immigration judge. Exhibit F

On May 14, 2005, the Petitioner, by and through the undersigned counsel's firm, sought the release of the Petitioner via parole. Exhibit G.

On May 16, 2005 an immigration judge reviewed the Service's "Credible Fear Determination" and found that the Petitioner had failed to "establish[ ] a significant possibility that []she would be persecuted on the basis of" one of the enumerated grounds specified under the asylum laws of the United States and affirmed the Service's adverse determination and "returned" the Petitioner's case "to the [Service] for removal of the alien" based upon the Service's administrative May 5, 2005 order of removal. Exhibit H.

On May 18, 2005, the Service declined to parole the Petitioner from custody since she had been "issued an Expedited Removal Order." Exhibit I.

The petitioner is currently detained at McLennan County Jail, 520 Columbus Ave., Waco Texas, 76701 awaiting expedited removal from the United States.

On June 1, 2005, the undersigned counsel first became aware of a rule relating to expedited removal proceedings issued by the Secretary of Homeland Security, Tom Ridge, contained in 69 Fed. Reg. 48877 (August 11, 2004). Exhibit J.

Same document reflects the Secretary Ridge's express mandate that "expedited removal proceedings" not be utilized in the case of "Cuban citizens or nationals." 69 Fed. Reg. 48877, 48881 (August 11, 2004).

3

07/18/05  MON 16:09  [TX/RX NO 9133]

07/19/05  10:08 FAX 504 310 7581   US COURT OF APPEALS → INS       ☑012
07/18/05  15:21 FAX 254 750 1507   CLERK USDC WACO                    ☑007

Petitioner has a fiancé, who currently resides in the United States of America in Miami, Florida. The Petitioner is not the subject of any criminal or order of conviction neither in Cuba, Spain, the United States of America, or anywhere else, that would preclude her from future eligibility to adjust her status to that of lawful permanent resident of the United States pursuant to the Cuban Adjustment Act ("CAA") once the Petitioner were to be paroled into the United States, or for that matter, any other form of relief the Petitioner is entitled to seek.

### Summary of the Argument

The Service improperly placed the Petitioner in "expedited removal proceedings" thereby subjecting the Petitioner to an unlawful order of removal.

If the Service successfully removes the Petitioner from the United States the Petitioner will be barred from re-entering the United States of America for a period of five (5) years from the date the Petitioner is physically removed. 8 U.S.C. §1252(a)(9)(A)(i).

But for the fact that the petitioner is awaiting removal from the United States in expedited removal proceedings, the Petitioner would be *prima facie* eligible for parole and subsequent eligibility to apply for adjustment of status pursuant to the CAA.

As a result of the Service's misapplication of "expedited removal proceedings" to the Petitioner, she was barred from fully presenting her asylum claim through testimony and evidence before an immigration judge as well as being able to have an adverse determination, if any, be considered under the judicially reviewable and more safeguarded asylum proceedings available to an alien under Section 240 (INA) removal proceedings.

4

07/18/05  MON 16:09  [TX/RX NO 8133]

## Governing Law and Promulgated Regulation

By statute, an alien present in the U.S. who has not been admitted shall be deemed for purposes of the Act to be an applicant for admission. 8 U.S.C. 1225(a), section 235(a)(1) of the Act.

Section 302 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Public Law 104-208, Div. C, 110 Stat. 3009-546, amended section 235(b) of the Immigration and Nationality Act ("Act"), 8 U.S.C. 1225(b), authorizes the Attorney General (now the Secretary of Homeland Security as designated under the Homeland Security Act of 2002) to remove, without a hearing before an immigration judge, aliens arriving in the U.S. who are inadmissible under sections 212(a)(6)(C) or 212(a)(7) of the Act, 8 U.S.C. 1182(a)(6)(C) and 1182(a)(7).

Once alienage has been established, an alien applicant for admission has the burden of establishing that he or she is clearly and beyond doubt entitled to be admitted and is not inadmissible under section 212 of this Act. If the alien fails in this endeavor, the Service may administratively order the alien removed from the United States in an expeditious manner pursuant to Section 235(b)(1) of the Act, 8 U.S.C. 1225(b)(1).

Under section 235(b)(1) of the Act, 8 U.S.C. 1225(b)(1), expedited removal proceedings may be applied to two (2) categories of aliens.

First, section 235(b)(1)(A)(i) of the Act, 8 U.S.C. 1225(b)(1)(A)(i), permits expedited removal proceedings for aliens who are "arriving in the United States."

5

07/19/05 10:08 FAX 504 310 7581    US COURT OF APPEALS → INS            ☐014
07/18/05 15:22 FAX 254 750 1507    CLERK USDC WACO                      ☐009

"Arriving aliens" are defined by regulation to mean "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international waters and brought into the United States by any means whether or not to a designated port-of-entry." (8 CFR 1.1(q)).

Cuban citizens who arrive at U.S. ports-of-entry by aircraft are exempted from the first category of aliens subject to expedited removal under section 235(b)(1)(F) of the Act, 8 U.S.C. 1225(b)(1)(F). The Petitioner, although a "Cuban citizen or national" did not arrive at a U.S. Port of entry by aircraft but at the border at Brownsville, Texas therefore the Petitioner is not shielded by Section 235(b)(1)(F) of the Act, 8 U.S.C. 1225(b)(1)(F).

Second, section 235(b)(1)(A)(iii) of the Act, 8 U.S.C. 1225(b)(1)(A)(iii), permits the Attorney General (now the Secretary of Homeland Security), in his or her sole and unreviewable discretion, to designate certain other aliens to whom the expedited removal provisions may be applied.

Section 235(b)(1)(A)(iii), 8 U.S.C. 1225(b)(1)(A)(iii), authorizes the Secretary to apply, by designation, expedited removal proceedings to aliens who arrive in, attempt to enter, or have entered the U.S. without having been admitted or paroled following inspection by an immigration officer at a designated port-of-entry, and who have not established to the satisfaction of the immigration officer that they have been physically present in the U.S.

6

07/18/05 MON 16:09 [TX/RX NO 9133]

continuously for the two-year period immediately prior to the date of determination of inadmissibility.[2]

Pursuant to 8 CFR 235.3(b)(1)(ii) (62 FR 10312, 10355, March 6, 1997), the Attorney General provided that her designation authority would be exercised by the Commissioner of the former Immigration and Naturalization Service (INS).

Pursuant to sections 102(a), 441, 1512(d) and 1517 of the Homeland Security Act of 2002, Public Law 107-296, 116 Stat. 2310, 6 U.S.C. 112, 251, 552(d), 557, and 8 CFR 2.1, the authority of the Attorney General and the Commissioner of the INS in accordance with 8 U.S.C. 235(b)(1)(A)(iii) and 8 CFR 235.3(b)(1)(ii), respectively, was transferred to the Secretary of Homeland Security, and references to the Attorney General or the Commissioner in the statute and regulations are deemed to refer to the Secretary.

Aliens who have not been admitted or paroled and who are subject to expedited removal under this designation have the burden of proof to show affirmatively that they are not inadmissible and have maintained the required continuous physical presence in the U.S.[3]

The foundation of the Petitioner's writ of habeas corpus lies in the fact that in August of 2004, the Director of the Department of Homeland Security, Tom Ridge, by congressional authority, designated certain aliens to be subject to "expedited removal proceedings." Section 235(b)(1)(A)(iii), 8 U.S.C. 1225(b)(1)(A)(iii).

---

[2] Any absence from the U.S. shall serve to break the period of continuous physical presence. 8 CFR 235.3(b)(1)(ii).

[3] The Petitioner has been in the United States of America for just over a month therefore "continuous physical presence" is not an issue in the instant case.

7

07/19/05  10:09 FAX 504 310 7581    US COURT OF APPEALS → INS          ☒016
07/18/05  15:24 FAX 254 750 1507    CLERK USDC WACO                    ☒011

Under the authority vested in Secretary Ridge by statute, Secretary Ridge issued a ruling barring the application of expedited removal proceedings to "Cuban citizens or nationals," Exhibit J.

In the Petitioner's case, the Service has failed to follow the directive contained in Secretary Ridge's ruling titled 69 Fed. Reg. 48877, 48881 (August 11, 2004); which succinctly waives the applicability of "expedited removal proceedings" to "Cuban citizens or nationals." Exhibit J.

Paragraph six (6) contained in 69 Fed. Reg. 48881 states as follows:

> The expedited removal proceedings contemplated by this notice will not be initiated against Cuban citizens or nationals.

As mandated by Attorney General in 69 Fed. Reg. 48877, 48881 (August 11, 2004), the Petitioner is simply not subject to "expedited removal proceedings" because the Petitioner is a "Cuban citizen or national."

Although procedural Due Process is severely restricted to aliens who have not been admitted into the United States, the Petitioner is entitled to the protection of governing statute, promulgated regulation, and the rules established by the Attorney General applicable to aliens similarly situated as the Petitioner.

The Petitioner entered the United States through Brownsville, Texas, within the "Laredo" "sector." [4] Paragraph one (1) furthermore states that;

> This notice will be given effect only with respect to apprehensions made within the CBP Border Patrol sectors of (*Laredo*, McAllen, Del Rio, Marfa, El Paso, Tucson, Yuma, El Centro, San Diego, Blaine, Spokane, Havre, Grand Forks, Detroit, Buffalo, Swanton, and Houlton). (emphasis added).

---

[4] http://www.customs.gov/xp/cgov/toolbox/contacts/cmcs/cmc_south_texas.xml

8

07/18/05 MON 16:09  [TX/RX NO 9133]

07/19/05  10:09 FAX 504 310 7581      US COURT OF APPEALS      → INS           ☒017
07/18/05  15:24 FAX 254 750 1507      CLERK USDC WACO                         ☒012

Expedited removal proceedings therefore are clearly inapplicable to the Petitioner. The Petitioner is now subject to an unlawful order of removal. If the Service executes same unlawful order by physically removing the Petitioner from the United States then the Petitioner is barred from seeking readmission into the United States of America until a period of five (5) years have passed from the date the alien was physically removed. 8 U.S.C. §1252(a)(9)(A)(i); See also 69 Fed. Reg. 48877, 48879 (August 11, 2004).

Inadmissible aliens such as the Petitioner have traditionally not been able to claim constitutional due process protections in exclusion proceedings. *Shaughnessy v. Mezei*, 345 U.S. 206, 97 L. Ed. 956, 73 S. Ct. 625 (1953); *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 94 L. Ed. 317, 70 S. Ct. 309 (1950).

However, the Supreme Court of the United States has held that inadmissible aliens are ensured a fundamentally fair hearing through statutory protections provided for by Congress. *Shaughnessy*, 345 U.S. at 212.

Recently the Fifth Circuit Court of Appeals found that for an alien to challenge an order of removal, an alien must show: (1) the removal hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review; and (3) the procedural deficiencies caused the alien actual prejudice. Demonstration of prejudice requires the alien to show a reasonable likelihood that, but for the errors complained of, he would not have been removed. *Nguyen v. Bureau of Immigration & Customs Enforcement*, 400 F.3d 255 (5th Cir. 2005)

The foregoing elements are contained in the instant petition for writ of habeas corpus.

Because the Service has unlawfully utilized "expedited removal proceedings" against the Petitioner, by statute, she is not eligible for release on parole. Section 235(b)(1)(B)(iii)(IV) of the Act, 8 U.S.C. 1225(b)(1)(B)(iii)(IV), and 8 CFR 235.3(b)(2)(iii) (statute and regulation directing that any alien who is placed in expedited removal proceedings shall be detained pending a final determination of credible fear and, if found not to have such a fear, such alien shall be detained until removed).

Had the Petitioner been placed in removal proceedings under Section 240, the Petitioner would be statutorily eligible for a parole or release on bond while removal proceedings were pending.

Aliens subject to expedited removal procedures under section 235 of the Act (including those aliens who are referred after a positive credible fear determination to an immigration judge for proceedings under section 240 of the Act) are not eligible for bond, and therefore are not eligible for a bond re-determination before an immigration judge. 69 Fed. Reg. 48877, 48879 (August 11, 2004)

In same manner, had the Petitioner been placed in removal proceedings under Sec 240, the Petitioner would have been eligible to seek administrative appellate relief (Board of Immigration Appeals), and, if necessary, judicial review (8 U.S.C. §1252) of the Service's adverse determination against the Petitioner's asylum claim. Unfortunately, the Petitioner has had to advance a *bona fide* claim of asylum under the more onerous and less reviewable asylum procedures utilized in expedited removal proceedings.

10

07/19/05  10:09 FAX 504 310 7581     US COURT OF APPEALS      → INS           ☒019
07/18/05  15:25 FAX 254 750 1507     CLERK USDC WACO                        ☒014

In expedited removal proceedings the Petitioner is unable to have her asylum claim reviewed either by the Board of Immigration Appeals ("BIA") or the Fifth Circuit Court of Appeals as she would be entitled to under Section 240 removal proceedings.

If the unlawful administrative order of removal lies undisturbed, and is subsequently executed by removing the Petitioner from the United States, the Petitioner will suffer irreparable harm since the order of removal will subject the Petitioner to the five (5) year inadmissibility bar.

Title 28 U.S.C. § 2241(c)(3) provides for the grant of the writ of habeas corpus on the application of a detainee if, inter alia, he or she is held "in custody in violation of the Constitution or the laws or treaties of the United States." See *INS v. St. Cyr*, 533 U.S. 289, 305 (2001); *Nguyen v. Bureau of Immigration & Customs Enforcement*, 400 F.3d 255, 260 (5th Cir., 2005).

Requests for temporary stays of removal are considered in light of the degree to which four factors can be shown:

> (1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the [alien] outweighs the harm to the [government] if a stay is not granted; and (4) that the granting of the stay would serve the public interest. *Tesfamichael v. Gonzales*, 2005 U.S. App. LEXIS 9449 (5th Cir. 2005);

The Petitioner also prevails on the request for a stay. The Service has utilized the inappropriate expedited removal proceedings; if the Petitioner removal is effectuated on the expedited order of removal, the Petitioner will be barred from reentering the United States for a period of five (5) years (8 U.S.C. §1252(a)(9)(A)(i)); no prejudice will befall the government in the instant case for they are mandated by law to utilize Section 240 removal proceedings in the Petitioner's case; finally, the stay would serve the public interest since the Service is required to

11

07/18/05 MON 16:09  [TX/RX NO 9133]

uphold the law and therefore the issuance of the stay would only reaffirm the Service's continued efforts to execute only valid orders of removal.

In light of the foregoing, it is proper for this Honorable Court to issue a preliminary injunction preventing the Service from unlawfully removing the Petitioner from the United States in order that the Petitioner may be placed in proper removal proceedings under section 240 of the Immigration and Nationality Act.

## Summary

The Petitioner is entitled to the protection of the rules promulgated by the Secretary of Homeland Security. The Service is utilizing the unlawfully procured administrative order of expedited removal to physically remove the Petitioner from the United States. The Petitioner is being barred from establishing a claim of asylum under the advantageous Section 240 removal proceedings.

The Petitioner is being barred from seeking release via bond or parole from unwarranted detention as a result of the expedited removal proceedings utilized against her. If the administrative order of expedited removal is allowed to stand, the Petitioner will not be allowed to reenter the United States for period of five (5) years which will result in further separation from her fiancé than that which she is already experiencing due to her unwarranted detention by the Department of Homeland Security.

12

The fact remains that the Petitioner is subject to an unlawful order of expedited removal which blocks her release from detention and from having her asylum claim considered by the administrative reviewing body (BIA) or the judicial reviewing body, the Fifth Circuit Court of Appeals she would otherwise be entitled to. The foregoing circumstances therefore warrant the issuance of the Great Writ.

**WHEREFORE**, for the foregoing reasons, the undersigned counsel for the petitioner respectfully requests that this Honorable Court;

- GRANT the instant writ of habeas corpus;
- ORDER the Service to utilize Section 240 Removal proceedings and thereby not subject the Petitioner to expedited removal proceedings;
- GRANT a preliminary injunction to stay the removal of the petitioner in order to allow the Petitioner an opportunity to seek relief under the proper removal proceedings (Section 240 of the INA), including any other relief that may be available to the Petitioner consistent with the immigration laws of the United States of America.

Respectfully submitted,

Claudia M. Jima, Esq.
for the Law Offices of Eduardo Soto, P.A.

13

07/18/05 MON 16:09 [TX/RX NO 9133]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS and EMERGENCY MOTION FOR PRELIMINARY INJUNCTION was delivered to the Johnny K. Sutton, U.S. Attorney, U.S. Attorney's Office, 800 Franklin, Suite 280, Waco, Texas 76701, this 6th day of June, 2005.

Claudia M. Ima, Esq.
for the Law Offices of Eduardo Soto, P.A.
999 Ponce de Leon Blvd., Suite 940
Coral Gables, Florida 33134
Tel.: (305) 446-8686
Fax: (305) 529-0445

14