**<u>EXHIBIT F</u>**

39-76-1620.13

No. 05-60686

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FATIMA ABREU GOMEZ,
A98 716 947,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,

Respondent.

RESPONDENT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION, OPPOSITION TO MOTION FOR A
STAY OF REMOVAL, AND REQUEST TO VACATE THE SCHEDULE
FOR FILING THE RECORD

Respondent moves the Court to dismiss Petitioner Fatima Abreu Gomez's

(Gomez) petition for review for lack of jurisdiction, urges the Court deny her

request for a stay of removal, and requests vacatur of the schedule for filing the

administrative record. Should the Court deny the motion to dismiss, respondent

moves for an extension of sixty days from the date of the Court's order to file the

record.

## BACKGROUND

On or about April 25, 2005, Petitioner Fatima Abreu Gomez ("Gomez"), a native and citizen of Cuba and Spain, attempted to enter the United States (by land) presenting to immigration officers a Cuban birth certificate and identification card. See Exh. 1. She was referred to "secondary" inspection, where "she admitted to being a citizen of Cuba who was seeking political asylum." Id. She was subsequently issued an expedited removal order pursuant to INA § 235(b)(1), 8 U.S.C. § 1225(b)(1) (Supp. IV 2005), on the basis that she was inadmissible to the United States pursuant to INA § 212(a)(7)(i)(I), 8 U.S.C. § 1182(a)(7)(i)(I) (Supp. V 2005), because she was not in possession of a valid entry document or other suitable travel document, or document of identity and nationality at the time of her application for admission. See Exh. 2. On May 9, 2005, the Department of Homeland Security ("DHS") determined that Gomez did not have a credible fear of persecution or torture. See Exh. 3. Gomez requested review of DHS's credible fear determination and on May 16, 2005, after hearing testimony, an immigration judge found that Gomez had not established a significant possibility that she would be persecuted on the basis of any protected ground or that she would be tortured in Spain. See Exh. 4.

Thereafter, on June 7, 2005, Gomez filed a petition for a writ of habeas

corpus in the United States District Court for the Western District of Texas.  On

July 18, 2005, the district court transferred the habeas petition to this Court (No.

05-60686), pursuant to section 106(c) of the REAL ID Act of 2005 ("REAL ID

Act"), Pub. L. No. 109-13, Div. B., 119 Stat. 302 (May 11, 2005).[1]

<u>ARGUMENT</u>

## I.    THE COURT SHOULD DISMISS THE PETITION FOR REVIEW

This Court should dismiss Gomez's petition for review and deny her

request for stay of removal because expedited removal orders, issued pursuant to

INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), may not be reviewed through petitions for

review in the courts of appeals.  <u>See</u> INA § 242(a)(1), 8 U.S.C. § 1252(a)(1)

---

[1] Section 106(c) of the REAL ID Act provides as follows:

(c) TRANSFER OF CASES. – If an alien's case, brought under
section 2241 of title 28, United States Code, and challenging a final
administrative order of removal, deportation, or exclusion, is pending
in a district court on the date of the enactment of this division, then
the district court shall transfer the case (or the part of the case that
challenges the order of removal, deportation, or exclusion) to the court
of appeals for the circuit in which a petition for review could have been
properly filed under section 242(b)(2) of the Immigration and Nationality
Act (8 U.S.C. 1252), as amended by this section, or under section
309(c)(4)(D) of the Illegal Immigration Reform and Immigrant
Responsibility Act of 1996 (8 U.S.C. 1101 note).  The court of appeals
shall treat the transferred case as if it had been filed pursuant to a
petition for review under such section 242, except that subsection (b)(1)
of such section shall not apply.

(Supp. IV 2005) (providing for courts of appeals' judicial review of final orders of removal <u>other</u> than expedited removal orders); <u>see also</u> INA § 242(e)(2), 8 U.S.C. § 1252(e)(2) (Supp. V 2005) (providing that judicial review of any determination made under INA § 235(b)(1) is available in habeas, but is limited, as will be discussed, <u>infra</u>). Nothing in the REAL ID Act alters this. In fact, section 106(a) of the REAL ID Act specifically exempts expedited removal orders from courts of appeals' jurisdiction. <u>See</u> new INA § 242(a)(5), 8 U.S.C. § 1252(a)(5) (Supp. V 2005) ("Exclusive means of review") (providing, in pertinent part, that notwithstanding any other provision of law, including 28 U.S.C. §§ 1361, 2241 & 1651, a petition for review filed with an appropriate court of appeals in accordance with INA § 242 shall be the sole and exclusive means for judicial review of an order of removal entered or issued under the INA, <u>except</u> as provided in INA § 242(e)).

The Court, however, should not transfer this case back to the district court because it also lacks jurisdiction over Gomez's specific claims. INA § 242(e)(2), 8 U.S.C. § 1252(e)(2), provides that review of expedited removal orders in habeas shall be limited to determinations of –

(A) whether the petitioner is an alien,
(B) whether the petitioner was ordered removed under such section, and
(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has

4

been admitted as a refugee under section 1157 of this title, or has been
granted asylum under section 1158 of the this title, such status not having
been terminated, and is entitled to such further inquiry as prescribed
by the Attorney General pursuant to section 1225(b)(1)(C) of this
title.

See also Brumme v. INS, 275 F.3d 443 (5th Cir. 2001) (holding that district court's

judicial review of expedited removal orders is limited to whether order has been

issued and whether alien was same person subject to order). Gomez does not

claim lawful admission or that an expedited removal order has not been issued to

her. Instead, she argues that pursuant to a DHS directive issued on August 11,

2004, the expedited removal procedures should not be applied to Cuban nationals.

INA § 242(a)(2)(A), however, provides that no court has jurisdiction to review

"any individual determination or to entertain any other cause or claim arising from

or relating to the implementation or operation of an order of removal pursuant to"

INA § 235(b)(1), except for as provided in INA § 242(e)(2).

Additionally, the United States District Court for the District of Columbia

would also lack jurisdiction to consider Gomez's claim. In this regard, INA §

242(e)(3) provides that judicial review of INA § 235(b)(1) determinations and its

implementation is available in an action instituted for the District of Columbia, but

is limited to whether "written" policy directives, written policy directives, or

"written" procedures issued by or under the authority of DHS to implement such

5

section is not consistent with provisions of INA § 242(a) or otherwise in violation
of law.  8 U.S.C. § 1252(e)(3)(A)(ii) (Supp V 2005).  Additionally, any action
instituted under INA § 242(e)(3) must be filed no later than 60 days after the date
the challenged "section, regulation, directive, guideline, or procedure" described is
implemented.  INA § 242(e)(3)(B), 8 U.S.C. § 1252(e)(3)(B) (Supp. V 2005).
Gomez is not challenging the implementation of DHS's "written" policy directive
or procedures at 69 Fed. Reg. 48877 (Aug. 11, 2004), but is arguing that the
directive should apply to her.  Additionally, even if she were challenging the
implementation of the August 11, 2004 "written" directive, any challenge to it
pursuant to INA § 242(e)(3) would be untimely.  See 8 U.S.C. § 1252(e)(3)(B)
(Supp. V 2005).

## II.    GOMEZ'S REQUEST FOR A STAY SHOULD BE DENIED.

This Court has recently made clear that it considers a request for a stay of
removal "in light of the degree to which four factors can be shown." Tesfamichael
v. Gonzales, – F.3d –, 2005 WL 1220939 at *7 (5th Cir. May 24, 2005).  The four
factors that the Court weighs in assessing requests for a stay of removal are:  (1)
the likelihood that the movant will prevail on the merits; (2) the likelihood of
irreparable harm to the moving party if the relief is not granted; (3) whether the
potential harm to the moving party outweighs harm to the non-moving party if the

6

relief is not granted; and (4) whether granting of the stay would be in the public interest. Id. (quoting Ignacio v. INS, 955 F.2d 295, 299 (5th Cir. 1992)). The first factor is the most determinative in the Court's weighing of the factors. Id. (citing Shrink Mo. Gov't PAC v. Adams, 151 F.2d 763, 764 (8th Cir. 1998)). It is the movant's burden to make a strong enough showing to justify a stay of removal.

As indicated, supra, the Court lacks jurisdiction to entertain this petition for review because it is a challenge to an expedited removal order issued pursuant to INA § 235(b)(1). Thus, Gomez is precluded from demonstrating a likelihood of success on the merits.

### III. THE SCHEDULE FOR THE FILING OF THE RECORD SHOULD BE VACATED.

As a final matter, the certified record is currently due on August 29, 2005. Respondent believes that the certified record is not required for this Court to determine that it lacks jurisdiction over the petition for review and thus requests that the schedule for filing it be vacated. Respondent further requests that if the Court denies this motion to dismiss for lack of jurisdiction, he be granted a sixty-day extension of time, from the date of the Court's denial, to submit the administrative record.

## CONCLUSION

For the foregoing reasons, the petition for review should be dismissed, petitioner's request for a stay should be denied, and the schedule for filing the administrative record should be vacated. In the alternative, the Court should grant sixty days from the date of its order to allow the government to file the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

LINDA S. WENDTLAND
Assistant Director

SHELLEY R. GOAD
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20004
Telephone: 202-616-4864

July 20, 2005                    Attorneys for Respondent

8

EXHIBIT 1

U.S. Department of Justice

Immigration and Naturalization Service

## Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| ABREU GOMEZ, Fatima Aliet | | | | F | BRO | BRO | |
| Country of Citizenship | Passport Number and Country of Issue | Case No: RHM0504000050 | File Number A098 716 947 | Height 63 | Weight 137 | Occupation | |
| CUBA | | | | | | | |
| U.S. Address 8860 SW 43 ST. MIAMI, FLORIDA 33165 | | | | Scars and Marks **See Narrative** | | | |
| Date, Place, Time, and Manner of Last Entry 04/25/2005, 1126, BBM | | | Passenger Boarded at | F.B.I. Number | ☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated | | |
| Number, Street, City, Province (State) and Country of Permanent Residence AVE. 13 86617 ENTRE 66 Y 68 LA HABANA, OTHER - FOR COUNTRIES OTHER THAN US, CUBA | | | | Method of Location/Apprehension ISP | | | |
| Date of Birth        Age: 33 | Date of Action 04/25/2005 | Location Code HLG/BBM | At/Near BBM | | Date/Hour 04/25/2005 1126 | | |
| City, Province (State) and Country of Birth OTHER - FOR COUNTRIES OTHER THAN US, CUBA | AR ☐ | Form: (Type and No.) | Lifted ☐   Not Lifted ☐ | By VILMA JIMENEZ | | | |
| NIV Issuing Post and NIV Number | Social Security Account Name | | | Status at Entry Non-Immigrant | Status When Found AT ENTRY | | |
| Date Visa Issued | Social Security Number | | | Length of Time Illegally in U.S. AT ENTRY | | | |
| Immigration Record | | Criminal Record | | | | | |
| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | | | Number and Nationality of Minor Children | | | |
| Father's Name, Nationality, and Address, if Known Nationality: CUBA ABREU,FRANCO, JORGE PEDRO LA HABANA, CUBA | | Mother's Present and Maiden Names, Nationality, and Address, if Known GOMEZ,BALLY,ANA MARIA LA HABANA, CUBA | | | | | |
| Monies Due/Property in U.S. Not in Immediate Possession | | Fingerprinted? ☐ Yes ☒  No ☐ | INS Systems Checks See Narrative | Charge Code Word(s) 17A1 | | | |
| Name and Address of (Last)/(Current) U.S. Employer | | Type of Employment | | Salary Hr. | Employed from/to | | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

SECTION CODE WORD
212a7AiI

SCARS, MARKS AND TATTOOS
SCAR LEG, RIGHT, NONSPECIFIC

MOTHER'S NATIONALITY
CUBA

INS SYSTEMS CHECKS
Integrated Automated Fingerprint Identification System Negative
Treasury Enforcement Communications System Negative

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by JIMENEZ

Subject attempted to enter the United States via B&M bridge presenting a Cuban Birth
Certificate and Identification Card.  Subject was referred to CBP secondary for further
inspection.

In CBP secondary subject freely admitted to being a citizen of Cuba who was seeking

| Alien has been advised of communication privileges. | A-25-05 (Date/Initials) | VILMA JIMENEZ CBP OFFICER (Signature and Title of INS Official) |
|---|---|---|

| Distribution | Received: (Subject and Documents) (Report of Interview) | |
|---|---|---|
| | Officer: VILMA JIMENEZ | |
| | on: April 25,   2005 (Month/Day)   (Year) | (Time) |
| | Disposition: Expedited Removal with Credible Fear | |
| | Examining Officer: EUGENIO GOMEZ | |

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form    I-213

| Alien's Name | File Number | Date |
|---|---|---|
| ABREU GOMEZ, Fatima Aliet | Case No: HHM0504000050<br>A098 716 947 | 04/25/2005 |

political asylum.  Subject was advised of her rights via Form I-214.  Subject was also
presented with Form M-444 and a list of free legal services prior to commencement of
processing.  Subject declined the right to speak with a representative of the Cuban
Special Interest Section in the United States.  Subject expressed fear of being returned
to Cuba.  Subject is inadmissible under Section 212(a)(7)(A)(i)(I) of the INA.

Subject processed for expedited removal and sent to FISPC to await a Credible Fear
interview.

Funds on person:  US$ 120.00
                  MX$ 0.00
                  Cuba $0.00

IO95 Completed

IOIL #20052301001679

| Signature | Title |
|---|---|
| VILMA JIMENEZ | CBP OFFICER |

2   of   2   Pages

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice
Immigration and Naturalization Service

**Record of Sworn ~~~ tement in Proceedings
under Section 235(b)(1) of the Act**

Office: **BROWNSVILLE-MATAMOR. TX, POE**                    File No: **A098 716 947**

Statement by: **FATIMA A. ABREU GOMEZ**

In the case of: **FATIMA A. ABREU GOMEZ**

Date of Birth: ▓▓▓▓▓▓▓▓▓▓                    Gender (circle one):  Male  (Female)

At: **BROWNSVILLE-MATAMOR. TX, POE**                    Date: **April 25, 2005**

Before: **VILMA JIMENEZ**                    **CBP OFFICER**
_____
(Name and Title)

In the **SPANISH**        language. Interpreter _____ Employed by _____

I am an officer of the United States Immigration and Naturalization Service. I am authorized to administer the immigration laws and to take sworn statements. I want to take your sworn statement regarding your application for admission to the United States. Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country, and if so, you may be barred from reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and the Immigration and Naturalization Service to make a decision. It is very important that you tell me the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you, you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Until a decision is reached in your case, you will remain in the custody of the Immigration and Naturalization Service.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

Q. Do you understand what I've said to you?
A. YES.

Q. Do you have any questions?
A. NO.

Q. Are you willing to answer my questions at this time?
A. YES.

Q. Do you swear or affirm that all statements you are about to make are true and complete?
A. YES.

Q. What is your complete and correct name?
A. FATIMA ALIET ABREU GOMEZ.

Q. Have you used other names before today?
A. NO.
...(CONTINUED ON I-831)

Page 1 of _4_                    *FA AG*                    I-867A (4-1-97)

S. Department of Justice
mmigration and Naturalization Service

Continuation Page for Form I-867A

| Alien's Name | File Number | Date |
|---|---|---|
| FATIMA A. ABREU GOMEZ | A098 716 947 | April 25, 2005 |

Q. What is your date of birth?
A. ▮▮▮▮▮▮▮

Q. Where were you born?
A. CUBA.

Q. Of what country are you a citizen?
A. CUBA.

Q. Of what country are your parents citizens?
A. CUBA.

Q. Where do your parents reside?
A. CUBA.

Q. Have either of your parents ever resided in the United States?
A. NO.

Q. Were either of your parents ever U.S. citizens?
A. NO.

Q. Do you have any claim to U.S. citizenship?
A. NO.

Q. Have you ever lived in the U.S.?
A. NO.

Q. Have you ever had any legal documents to enter or reside in the U.S.?
A. YES, I HAVE ENTERED WITH A VISA.

Q. What was the purpose of your trip to the U.S. today?
A. I NEED TO LIVE IN THE UNITED STATES. POLITICAL ASYLUM. I CANNOT RETURN TO CUBA.

Q. What document did you present to the inspector when you attempted to enter the U.S. today?
A. BIRTH CERTIFICATE AND CUBAN IDENTIFICATION CARD.

Q. Why are you seeking asylum?
A. BECAUSE I AM AFRAID OF RETURNING TO CUBA.

Q. Have you ever been to the U.S. before today?
A. YES, AT THE BEGINING OF THIS YEAR.

Q. Where did you go and how long did you stay?
A. MIAMI. I STAYED FOR 1 WEEK OR 10 DAYS.

Q. Have you ever been arrested by the police in Cuba or the U.S.?
A. NO.

Q. Have you ever been arrested by the Immigration and Naturalization Service of the U.S.?
A. NO.

Q. When and how did you leave Cuba?
A. DECEMBER OF 1998 BY AIRPLANE. ...(CONTINUED ON NEXT PAGE)

F4AG

| Signature | Title |
|---|---|
| VILMA JIMENEZ | CBP OFFICER |

2 of 3 Pages

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form ____ I-867A

| Alien's Name | File Number | Date |
|---|---|---|
| FATIMA A. ABREU GOMEZ | A098 716 947 | April 25, 2005 |

Q. Where did you go after departing Cuba?
A. SPAIN.

Q. How long did you stay in Spain?
A. ALL THIS TIME, SIX YEARS.

Q. What document did you use to enter Mexico?
A. A SPANISH PASSPORT AND VISA.

Q. Where is your Cuban passport now?
A. IT WAS STOLEN.

Q. Do you have citizenship in more than one country.
A. YES, SPAIN.

Q. Do you possess more than one passport.
A. YES. SPAIN.

Q. Where is the Spanish passport now?
A. IT WAS ALSO STOLEN ALONG WITH THE CUBAN ONE.

Q. How did you arrive in Matamoros TA Mexico?
A. IN A PRIVATE VEHICLE AND THEN I TOOK A TAXI.

Q. How much did you pay for your transportation from Cuba to Matamoros?
A. NOTHING FROM CUBA.

Q. How much did you pay for your transportation from Spain to Matamoros?
A. ABOUT 800 EUROS.

Q. Have you or any member of your family ever belonged to or been associated with any organizations or groups in your home country?
A. NO.

Q. Have you or any member of your family ever been mistreated or threatened by the authorities of your home country or any other country?
A. NOT MY FAMILY.

Q. Have you or any member of your family ever been accused, arrested, detained, convicted and sentenced, or imprisoned in your country or any other country, including the U.S.?
A. NO.

Q. Have you understood all the questions you have answered?
A. YES.

Q. Do you have anything to add to this statement?
A. NO.

FAAG.

| Signature | Title |
|---|---|
| VILMA JIMENEZ | CBP OFFICER |

3 of 3 Pages

U.S. Department of Justice

Immigration and Naturalization Service

**Jurat for Record    Sworn Statement in
Proceedings under Section 235(b)(1) of the Act**

Why did you leave your home country or country of last residence?

A. MY OBJECTIVE WAS TO COME TO THE UNITED STATES. I WENT TO SPAIN BECAUSE I HAD TO
GET TO WHEREVER I COULD. I LEFT BECAUSE IT IS A RACIST COUNTRY AND I DON'T WANT TO
BE THERE.

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. YES.

Q. Would you be harmed if you are returned to your home country or country of last residence?

A. YES.

Q. Do you have any question or is there anything else you would like to add?

A. NO.

FAAG

I have read (or have had read to me) this statement, consisting of 4 pages (including this page). I
state that my answers are true and correct to the best of my knowledge and that this statement is a full,
true and correct record of my interrogation on the date indicated by the above named officer of the
Immigration and Naturalization Service. I have initialed each page of this statement (and the
corrections noted on page(s) __2__ ).

X _____

Signature: FATIMA A. ABREU GOMEZ

Sworn and subscribed to before me at BROWNSVILLE-MATAMOR. TX, POE
on April 25, 2005 .

VILMA JIMENEZ
CBP OFFICER
Officer, United States Immigration and Naturalization Service

Witnessed by: _____

EXHIBIT 2



U.S. Department of Justice

Immigration and Naturalization Service

## Notice and Order of Expedited Removal

---

### DETERMINATION OF INADMISSIBILITY

File No: A098 716 947

Date: April 25, 2005

In the Matter of: FATIMA A. ABREU GOMEZ

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☑ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I), and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1) You are ineligible for admission to the United States because:

At the time of your application for admission to the United States you were not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act, and/or

At the time of your application for admission, you were not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

V. JIMENEZ, CBPO
Name and title of immigration officer (Print)                    Signature of immigration officer

---

### ORDER OF REMOVAL
### UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

Christin, AO
Name and title of immigration officer (Print)                    Signature of immigration officer
CHRISTOPHER VU, AO

RICHARD RHODIE, SAPSO
Name and title of supervisor (Print)                    Signature of supervisor, if available

☑ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

---

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on  05/20/05
(Date)

J. LUNA
Signature of immigration officer

U.S. Department of Justice
Immigration and Naturalization Service

## Notice to Alien Ordered Removed/Departure Verification

File No: BXNUS04000050 / 098716947

Date: 04/25/2005

Alien's full name: **Fatima Aliet ABREU GOMEZ**

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States

☒ for a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐ for a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of your having been ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☐ for a period of 20 years from the date of your departure from the United States as a consequence of your having been found inadmissible and of your having been previously excluded, deported, or removed from the United States.

☐ at any time because in addition to having been found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General to reapply for admission to the United States. You must obtain such permission before commencing your travel to the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service.

WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

JIMENEZ, Vilma
(Signature of officer serving warning)

CBP OFFICER
(Title of officer)

BBM
(Location of INS office)

## Verification of Removal
(Complete this section for file copy only)

| Departure date | Port of departure | | Manner of departure |
|---|---|---|---|
| Signature of verifying officer | | Title of Officer | |

Photograph of alien removed

Right index fingerprint of alien removed

(Signature of alien whose fingerprint and photograph appear above)

(Signature of official taking fingerprint)

Form I-296 (6-1-97)N

EXHIBIT 3

**Record of Negative Credible Fear Finding
and Request for Review by Immigration Judge**

S. Department of Justice
Immigration and Naturalization Service

Alien File Number   9 8 7 1 6 9 4 7

1.    To be explained to the alien by the asylum officer:

The INS has determined that you do not have a credible fear of persecution or torture pursuant to 8 CFR 208.30 for the following reason(s):

A.    You have not established a credible fear of return to your country of nationality or country of last residence because:

☐ You have not indicated that you were harmed in the past and you have not expressed fear of future harm.

☐ There is no significant possibility that you could establish in an asylum hearing that the harm you experienced and/or the harm you fear is on account of one or more of the five grounds for asylum (race, religion, nationality, political opinion, or social group).

☒ You have not indicated that you were harmed in the past, and there is no significant possibility that you could establish in an asylum hearing that the harm you fear is well founded.

**AND**

☒ You have not expressed a fear that you would be intentionally subjected to serious physical or mental harm in a country to which you may be removed.

☐ There is no significant possibility you could establish that the harm you fear would be inflicted by, or at the instigation of, or with the consent or acquiescence of, a government official or other person acting in an official capacity.

B.    There is no significant possibility that your claim is credible because your testimony was inconsistent or lacked detail on material issues. When you were given an opportunity to explain you were unable to give a reasonable explanation about the following issues:

☐ Your testimony was internally inconsistent on material issues.

☐ Your testimony was not consistent with country conditions on material issues.

☐ Your testimony lacked reasonably sufficient detail on material issues.

Therefore, you are ordered removed from the United States. You may request that an Immigration Judge review this decision.

If you request that an Immigration Judge review this decision, you will remain in detention until an Immigration Judge reviews your case. That review could occur as long as 7 days after you receive this decision.

If you do not request that an Immigration Judge review the decision, you may be removed from the United States immediately.

2.    To be completed by the alien:

☒ Yes, I request Immigration Judge review of the decision that I do not have a credible fear of persecution or torture.

☐ No, I do not request Immigration Judge review of the decision that I do not have a credible fear of persecution or torture.

ABREU GOMEZ                FATIMA                X _____ 5-9-05
Applicant's Last Name/Family Name (Print)   Applicant's First Name (Print)   Applicant's Signature

Lubbad                     ALi                   05/09/05
Asylum Officer's Last Name (Print)   Asylum Officer's First Name (Print)   Date

This contents of this form were read and explained to the applicant in the    SPANISH    language.

Interpreter used:

By telephone (list interpreter service /ID number used    LSA #200323 )

In person (I, _____ certify that I am fluent in both the _____ and English languages: I interpreted the above information completely and accurately to the alien.)

_____                    __/__/__
Interpreter's Signature             Date

Form I-869 (Rev. 2/22/99)N

U. S. Department of Justice
Immigration and Naturalization Service

**Notice of Referral to Immigration Judge**

| | |
|---|---|
| | **Date** 05/02/2005 |
| | **A-File** 98 716 947 |
| **Name** Fatima A. Abreu Gomez | **Country of Citizenship** Spain/Cuba |
| **Place and Manner of Arrival** Brownsville, TX  /Afoot | **Date of Arrival** 04/25/2005 |

**To immigration judge:**

☒ 1. The above-named alien has been found inadmissible to the United States and ordered removed pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act). A copy of the removal order is attached. The alien has requested asylum and/or protection under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act and 8 CFR § 208.30(g).

☐ 2. The above-named alien arrived in the United States as a stowaway and has been ordered removed pursuant to section 235(a)(2) of the Act. The alien has requested asylum and/or withholding of removal under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act.

☐ 3. The above-named alien arrived in the United States in the manner described below and has requested asylum and/or withholding of removal under the Convention against Torture. The matter is referred for a determination in accordance with 8 CFR 208.2(c). Arrival category (check one):

☐ Crewmember/applicant     ☐ Crewmember/refused     ☐ Crewmember/landed
☐ Crewmember/violator     ☐ VWP/applicant     ☐ VWP/violator
☐ 235(c) order     ☐ S-visa nonimmigrant     ☐ Stowaway: credible fear determination attached

☐ 4. The above-named alien has been ordered removed by an immigration officer pursuant to section 235(b)(1) of the Act. A copy of the removal order is attached. In accordance with section 235(b)(1)(C) of the Act, the matter is referred for review of that order. The above-named alien claims to be (check one):

☐ a United States citizen     ☐ a lawful permanent resident alien
☐ an alien granted refugee status under section 207 of the Act     ☐ an alien granted asylum under section 208 of the Act

☐ 5. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the Immigration and Naturalization Service (INS) has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien does not have a reasonable fear of persecution or torture. The alien has requested a review of that determination in accordance with 8 CFR §§ 208.31(f) and (g).

☐ 6. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the INS has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien has a reasonable fear of persecution or torture. The matter is referred for a determination in accordance with 8 CFR § 208.31(e).

☐ 7. The Commissioner of the INS has determined that the release from custody of the above-named alien who is under a final order of removal would pose a special danger to the public according to the standards set in 8 CFR § 241.14(b)(1). The INS has therefore invoked procedures to continue the alien's detention even though there is no significant likelihood that the alien will be removed from the United States in the reasonably foreseeable future. The matter is referred to the immigration judge for a review of this determination in accordance with 8 CFR § 241.14 (g).

U. S. Department of Justice
Immigration and Naturalization Service

# Notice of Referral to Immigration Judge

## NOTICE TO APPLICANT

You are ordered to report for a hearing before an immigration judge for the reasons stated above. Your hearing is scheduled on

(To be determined)                    at _____ You are to appear at P.I. S.P.C. , RT.3, BOX 341,

(Date)               (Time)

LOS FRESNOS, TX, 78566

(complete office address)

☒ You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court. If you wish to be so represented, your attorney or representative should appear with you at this hearing. In the event of your release from custody, you must immediately report any change of your address to the Immigration Court on Form EOIR-33, which is provided with this notice. If you fail to appear for a scheduled hearing, a decision may be rendered in your absence.

☒ You may consult with a person or persons of your own choosing prior to your appearance in Immigration Court. Such consultation is at no expense to the government and may not unreasonably delay the process.

☒ Attached is a list of recognized organizations and attorneys that provide free legal service.

_/ Asylum Officer_

(Signature and title of immigration officer)

## CERTIFICATE OF SERVICE

☒ The contents of this notice were read and explained to the applicant in the SPANISH language.

☒ The original of this notice was delivered to the above-named applicant by the undersigned on 5/07/05 and the alien has been advised of communication privileges pursuant to 8 CFR 236.1(e). Delivery was made:

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail

_/ Asylum Officer_

(Signature and title of immigration officer)

Attachments to copy presented to immigration judge:

☐ Passport                              ☐ Form I-860
☐ Visa                                  ☒ Form I-869
☐ Form I-94                             ☐ Form I-898
☐ Forensic document analysis            Asylum officer's reasonable fear determination worksheet (I-899)
☐ Fingerprints and photographs          ☒ Asylum officer's credible fear determination worksheet (I-870)
☐ EOIR-33
☐ FOR 8 CFR 241.14(f) CASES ONLY: Written statement including summary of the basis for the Commissioner's determination to continue the alien in detention, and description of the evidence relied on in finding the alien specially dangerous (with supporting documents attached).
☐ FOR 8 CFR 241.14(h) CASES ONLY: Written notice advising the alien of initiation of proceedings and informing alien of procedures governing the Reasonable Cause Hearing at 8 CFR 241.14(h).
☐ Other (specify): _____

Page 2 of 2                                    Form I-863 (rev. 10/24/02)N

EXHIBIT 4

IMMIGRATION COURT
RT 3 BOX 341 BUENA VISTA DR
LOS FRESNOS, TX 78566

In the Matter of:                          Case No: A98-716-947

ABREU-GOMEZ, FATIMA A.

                                           IN: CREDIBLE FEAR REVIEW PROCEEDINGS
            Respondent

ORDER OF THE IMMIGRATION JUDGE

On May 16, 2005 at  a review of the INS Credible Fear Determination
was held in the matter noted above. Testimony [ ✓ ] was  [ ] was not
taken regarding the background of the Applicant and the Applicant's fear
of returning to his/her country of origin or last habitual residence.

After consideration of the evidence, the Court finds that the Applicant
[ ] has  [ ✓ ] has not established a significant possibility that he/she
would be persecuted on the basis of his/her race, religion, nationality,
membership in a particular social group, or because of his/her political
opinion or tortured in Spain.

ORDER:  It is hereby ordered that the decision of the immigration officer is

        [ ✓ ] Affirmed, and the case is returned to the INS for removal of the
              alien.

        [ ] Vacated.

        This is a final order. There is no appeal available.

DONE and ORDERED this  16Th  day of  May , 2005

                                           HOWARD E. ACHTSAM
                                           Immigration Judge

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP  [✓] INS
DATE: 5/16/05          BY: COURT STAFF
     Attachments: [ ] EOIR-33 [ ] EOIR-28 [✓] Legal Services List  [ ] Other

GPI

## CERTIFICATE OF CONFERENCE: 5th Cir Rule 27.4

On this day, July 20, 2005, the undersigned informed counsel for

petitioner (via voicemail), as required by 5th Circuit Rule 27.4, that she was

filing this motion.

Dated: July 20, 2005                    SHELLEY R. GOAD

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2005, one copy of the foregoing

RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION,

OPPOSITION TO PETITIONER'S REQUEST FOR A STAY OF

REMOVAL, AND REQUEST TO VACATE THE SCHEDULE FOR FILING

THE ADMINISTRATIVE RECORD was directed to be served upon the

petitioner, by overnight delivery, via Federal Express, addressed to the following:

        Claudia M. Ima, Esq.
        Law Office of Eduardo Soto
        999 Ponce de Leon Boulevard
        Coral Gables, Florida 33134

                              Shelley R. Goad
                              Office of Immigration Litigation