**<u>EXHIBIT I</u>**

Citation                   Found Document              Rank 1 of 1              Database
69 FR 48877-01                                                                  FR
69 FR 48877-01, 2004 WL 1776983 (F.R.)
**(Cite as: 69 FR 48877)**

NOTICES
DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection
Designating Aliens For Expedited Removal
Wednesday, August 11, 2004

**\*48877** AGENCY: Bureau of Customs and Border Protection, DHS.
ACTION: Notice.
SUMMARY: This notice authorizes the Department of Homeland Security to place in
expedited removal proceedings any or all members of the following class of
aliens: Aliens determined to be inadmissible under sections 212(a)(6)(C) or (7)
of the Immigration and Nationality Act who are present in the U.S. without
having been admitted or paroled following inspection by an immigration officer
at a designated port-of-entry, who are encountered by an immigration officer
within 100 air miles of the U.S. international land border, and who have not
established to the satisfaction of an immigration officer that they have been
physically present in the U.S. continuously for the fourteen-day (14-day) period
immediately prior to the date of encounter. DHS believes that exercising its
statutory authority to place these individuals in expedited removal proceedings
will enhance national security and public safety by facilitating prompt
immigration determinations, enabling DHS to deal more effectively with the large
volume of persons seeking illegal entry, and ensure removal from the country of
those not granted relief, while at the same time protecting the rights of the
individuals affected.
**\*48878** DATES: This notice is effective on August 11, 2004.
ADDRESSES: Please submit written comments to: Regulations Branch, Office of
Regulations and Rulings, Bureau of Customs and Border Protection, 1300
Pennsylvania Avenue, NW., Washington, DC 20229. See SUPPLEMENTARY INFORMATION
section for more details on submission of comments.
FOR FURTHER INFORMATION CONTACT: Dana E. Graydon, Acting Associate Chief, Office
of Border Patrol, U.S. Customs and Border Protection,1300 Pennsylvania Ave.,
NW., Suite 6.5-E, Washington, DC 20229, dana.graydon@dhs.gov, 202-344- 3153.
SUPPLEMENTARY INFORMATION: Please submit written comments, original and two
copies, to the address listed above on or before after October 12, 2004.
Submitted comments may be inspected at the Office of Regulations and Rulings,
Bureau of Customs and Border Protection, 799 9th Street, NW., Washington, DC,
during regular business hours. Arrangements to inspect submitted comments should
be made in advance by calling Mr. Joseph Clark at (202) 572-8768.
  Section 302 of the Illegal Immigration Reform and Immigrant Responsibility Act
of 1996 (IIRIRA), Public Law 104-208, Div. C, 110 Stat. 3009-546, amended
section 235(b) of the Immigration and Nationality Act ("Act"), 8 U.S.C. 1225(b),
to authorize the Attorney General (now the Secretary of Homeland Security as
designated under the Homeland Security Act of 2002) to remove, without a hearing
before an immigration judge, aliens arriving in the U.S. who are inadmissible
under sections 212(a)(6)(C) or 212(a)(7) of the Act, 8 U.S.C. 1182(a)(6)(C) and
1182(a)(7). Under section 235(b)(1) of the Act, 8 U.S.C. 1225(b)(1), expedited

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

69 FR 48877-01
**(Cite as: 69 FR 48877, \*48878)**

removal proceedings may be applied to two categories of aliens. First, section 235(b)(1)(A)(i) of the Act, 8 U.S.C. 1225(b)(1)(A)(i), permits expedited removal proceedings for aliens who are "arriving in the United States." "Arriving aliens" are defined by regulation to mean "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international waters and brought into the United States by any means whether or not to a designated port-of-entry." (8 CFR 1.1(q)). Cuban citizens who arrive at U.S. ports-of-entry by aircraft are exempted from this first category of aliens subject to expedited removal under section 235(b)(1)(F) of the Act, 8 U.S.C. 1225(b)(1)(F). Second, section 235(b)(1)(A)(iii) of the Act, 8 U.S.C. 1225(b)(1)(A)(iii), permits the Attorney General (now the Secretary of Homeland Security), in his or her sole and unreviewable discretion, to designate certain other aliens to whom the expedited removal provisions may be applied. Section 235(b)(1)(A)(iii), 8 U.S.C. 1225(b)(1)(A)(iii), authorizes the Secretary to apply (by designation) expedited removal proceedings to aliens who arrive in, attempt to enter, or have entered the U.S. without having been admitted or paroled following inspection by an immigration officer at a designated port-of-entry, and who have not established to the satisfaction of the immigration officer that they have been physically present in the U.S. continuously for the two-year period immediately prior to the date of determination of inadmissibility.

By statute, an alien present in the U.S. who has not been admitted shall be deemed for purposes of the Act to be an applicant for admission. 8 U.S.C. 1225(a), section 235(a)(1) of the Act. Once alienage has been established, an alien applicant for admission has the burden of establishing that he or she is clearly and beyond doubt entitled to be admitted and is not inadmissible under section 212 of this Act. Aliens who have not been admitted or paroled and who are subject to expedited removal under this designation have the burden of proof to show affirmatively that they are not inadmissible and have maintained the required continuous physical presence in the U.S. Any absence from the U.S. shall serve to break the period of continuous physical presence. 8 CFR 235.3(b)(1)(ii).

Pursuant to 8 CFR 235.3(b)(1)(ii) (62 FR 10312, 10355, March 6, 1997), the Attorney General provided that her designation authority would be exercised by the Commissioner of the former Immigration and Naturalization Service (INS). Pursuant to sections 102(a), 441, 1512(d) and 1517 of the Homeland Security Act of 2002, Public Law 107-296, 116 Stat. 2310, 6 U.S.C. 112, 251, 552(d), 557, and 8 CFR 2.1, the authority of the Attorney General and the Commissioner of the INS in accordance with 8 U.S.C. 235(b)(1)(A)(iii) and 8 CFR 235.3(b)(1)(ii), respectively, was transferred to the Secretary of Homeland Security, and references to the Attorney General or the Commissioner in the statute and regulations are deemed to refer to the Secretary.

DHS has a pressing need to improve the security and safety of the nation's land borders, and expanding expedited removal between ports of entry will provide DHS officers with a valuable tool to meet that objective. Presently DHS officers cannot apply expedited removal procedures to the nearly 1 million aliens who are apprehended each year in close proximity to the borders after illegal entry. It

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

69 FR 48877-01
(Cite as: 69 FR 48877, *48878)

is not logistically possible for DHS to initiate formal removal proceedings
against all such aliens. This is primarily a problem along the southern border,
and thus the majority of such aliens are Mexican nationals, who are
"voluntarily" returned to Mexico without any formal removal order. Based upon
anecdotal evidence, many of those who are returned to Mexico seek to reenter the
U.S. illegally, often within 24 hours of being voluntarily returned (it is not
uncommon for DHS officers to apprehend the same individual many times over a
span of several months). On the southern land border with Mexico, those aliens
who are apprehended who are not Mexican nationals cannot be returned to Mexico.
Currently, non-Mexican nationals who are inadmissible may be voluntarily
returned to their country of citizenship or nationality via aircraft, or placed
in formal removal proceedings under section 240 of the Act. Because DHS lacks
the resources to detain all third-country nationals (aliens who are neither
nationals of Mexico nor Canada) who have been apprehended after illegally
crossing into the U.S. from both the northern and southern land borders, many of
these aliens are released in the U.S. each year with a notice to appear for
removal proceedings. Many of these aliens subsequently fail to appear for their
removal proceedings, and then disappear in the U.S.
 Without limiting its ability to exercise its discretion in the event of a
national emergency, other unforeseen events, or a change in circumstances, DHS
plans under this designation as a matter of prosecutorial discretion to apply
expedited removal only to (1) third-country nationals and (2) to Mexican and
Canadian nationals with histories of criminal or immigration violations, such as
smugglers or aliens who have made numerous illegal entries. We recognize that
certain aliens, including unaccompanied minors, members of the Class Action
Settlement in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D.
Cal. 1991) (which settled the claims of a class of Salvadorans and Guatemalans
regarding handling of asylum claims), and aliens who may be eligible for
cancellation of removal under section 240A of the Act, *48879 for example, may
possess equities that weigh against the use of expedited removal proceedings.
Accordingly, in appropriate circumstances and as an exercise of prosecutorial
discretion, officers will be able to permit certain aliens described in this
notice to return voluntarily, withdraw their application for admission, or to be
placed into regular removal proceedings under section 240 of the Act in lieu of
expedited removal proceedings.
 In the interests of focusing enforcement resources upon unlawful entries that
have a close spatial and temporal nexus to the border, this notice does not
implement the full nationwide expedited removal authority available to DHS
pursuant to section 235 of the Act, 8 U.S.C. 1225. Nor does this notice limit
DHS from implementing the full nationwide enforcement authority of the statute
through publication of a subsequent Federal Register notice. The statute
provides DHS with the authority to apply expedited removal to aliens who cannot
establish that they have maintained a physical presence in the U.S. continuously
for the two-year period immediately prior to the date of determination of
inadmissibility. The statute also does not limit geographically the application
of expedited removal. At this time, DHS has elected to assert and implement only
that portion of the authority granted by the statute that bears close temporal
and spatial proximity to illegal entries at or near the border. Accordingly,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

69 FR 48877-01
(Cite as: 69 FR 48877, *48879)

this notice applies only to aliens encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border.
 It is anticipated under this designation that expedited removal will be employed against those aliens who are apprehended immediately proximate to the land border and have negligible ties or equities in the U.S. Nevertheless, this designation extends to a 100-mile operational range because many aliens will arrive in vehicles that speedily depart the border area, and because other recent arrivals will find their way to near-border locales seeking transportation to other locations within the interior of the U.S. The 100-mile range already has been established by regulation as a reasonable distance from the external boundary of the U.S. for the purpose of preventing the illegal entry of aliens into the U.S. See section 287(a)(3) of the Act; 8 CFR 287.1(a)(2) and (c).
 The use of expedited removal orders, which prohibit reentry for a period of 5 years, will deter unlawful entry, and make it possible to pursue future criminal prosecution against those aliens who continue to enter the U.S. in violation of law. It will also accelerate the processing of inadmissible aliens because it generally does not require an appearance before an immigration judge, except in certain circumstances. Deterring future entries and accelerating removals will enhance DHS's ability to oversee the border, and to focus its resources on threats to public safety and to national security. DHS also believes that the use of expedited removal will likely interfere with human trafficking and alien smuggling operations, which are growing in sophistication, and which induce aliens from all over the world to cross the country's borders. Alien smuggling organizations have been responsible for numerous violent crimes, including homicide, hostage-taking, and crimes involving sexual exploitation. DHS expects that the expansion of expedited removal under this notice will ultimately reduce the number of aliens who risk injury or death attempting to enter the U.S. through difficult mountainous and desert terrain, as well as decrease property crimes in border areas.
 All aliens placed into expedited removal as a result of this designation will have the same rights to a credible fear screening by an asylum officer, and the right to review of an adverse credible fear determination by an immigration judge, that are provided to arriving aliens who are currently placed into expedited removal after being denied admission at a port of entry. Any alien who falls within this designation, who is placed in expedited removal proceedings, and who indicates an intention to apply for asylum or who asserts a fear of persecution or torture will be interviewed by an asylum officer who will determine whether the alien has a credible fear as defined in section 235(b)(1)(B)(v) of the Act, 8 U.S.C. 1225(b)(1)(B)(v). If that standard is met, the alien will be referred to an immigration judge for a removal proceeding under section 240 of the Act, sections 235(b)(1)(A)(ii) and (B) of the Act, 8 U.S.C. 1225(b)(1)(A)(ii) and (B); 8 CFR 235.3(b)(4). The Forms I-867A and I-867B currently used by officers who process aliens under the expedited removal program provide to all aliens in expedited removal proceedings information concerning the credible fear interview, in accordance with the statutory requirement at section 235(b)(1)(B)(iv) of the Act, 8 U.S.C. 1225(b)(1)(B)(iv). The forms require that the officer inquire whether the alien has any reason to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

69 FR 48877-01
**(Cite as: 69 FR 48877, \*48879)**

fear harm if returned to his or her country. Officers authorized to administer
the expedited removal program will be trained to be alert for any verbal or non-
verbal indications that the alien may be afraid to return to his or her
homeland.
 Similarly, all aliens placed into expedited removal as a result of this
designation, who claim lawful permanent resident, refugee, asylee status, or
U.S. citizenship will receive the same procedures, including the right to review
of any adverse expedited removal order by an immigration judge, that are
provided to arriving aliens making similar status claims who are currently
placed in expedited removal at ports of entry under 8 CFR 235.3(b). DHS, with
limited exceptions, plans to detain aliens who are placed in expedited removal
under this designation. Section 235(b)(1)(B)(iii)(IV) of the Act, 8 U.S.C.
1225(b)(1)(B)(iii)(IV), and 8 CFR 235.3(b)(2)(iii) direct that any alien who is
placed in expedited removal proceedings shall be detained pending a final
determination of credible fear and, if found not to have such a fear, such alien
shall be detained until removed. Parole of such alien under 8 CFR
235.3(b)(2)(iii) may be permitted only when the Secretary determines, in the
exercise of discretion, that parole is required to meet a medical emergency or
is necessary for a legitimate law enforcement objective. Section
235(b)(1)(B)(ii) of the Act, 8 U.S.C. 1225(b)(1)(B)(ii), directs that if a
credible fear has been established, the alien shall be detained for further
consideration of the protection claim or claims. Under Department of Justice
regulations, immigration judge review of custody determinations is permitted
only for bond and custody determinations pursuant to section 236 of the Act, 8
U.S.C. 1226, 8 CFR 1236, and 8 CFR 1003.19(a). Aliens subject to expedited
removal procedures under section 235 of the Act (including those aliens who are
referred after a positive credible fear determination to an immigration judge
for proceedings under section 240 of the Act) are not eligible for bond, and
therefore are not eligible for a bond redetermination before an immigration
judge. Parole of aliens determined to have a credible fear may be considered in
accordance with section 212(d)(5) of the Act, 8 U.S.C. 1182(d)(5), and 8 CFR
212.5.
 The expedited removal authority implemented in this Notice will not be employed
against Cuban citizens because removals to Cuba cannot presently be assured and
for other U.S. policy reasons.
 The Department has determined that good cause exists under the **\*48880**
Administrative Procedure Act (APA), 5 U.S.C. 553(b)(3)(B) and (d)(3), to exempt
this notice from the notice and comment requirements under the APA. Delaying the
implementation of this notice to allow public notice and comment would be
impracticable, unnecessary and contrary to the public interest.
 Congress explicitly authorized the Secretary of Homeland Security to designate
categories of aliens to whom expedited removal proceedings may be applied, and
made clear that "[s]uch designation shall be in the sole and unreviewable
discretion of the Secretary and may be modified at any time." Section
235(b)(1)(A)(iii)(1) of the Act, 8 U.S.C. 1225(b)(1)(A)(iii)(I). The large
volume of illegal entries, and attempted illegal entries, and the attendant
risks to national security presented by these illegal entries, necessitates that
DHS expand the expedited removal program as provided in this designation. DHS is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

69 FR 48877-01
(Cite as: 69 FR 48877, *48880)

confident that the experience gained through implementation of the expedited
removal program at ports of entry will enable DHS to expand the program in a
manner that is both effective and humane.
  There is an urgent need to enhance DHS's ability to improve the safety and
security of the nation's land borders, as well as the need to deter foreign
nationals from undertaking dangerous border crossings, and thereby prevent the
needless deaths and crimes associated with human trafficking and alien smuggling
operations. The expansion of expedited removal will increase the deterrence of
illegal entries by ensuring that apprehension quickly leads to removal. This is
especially critical because of the environmental dangers faced by aliens
illegally entering the U.S. across desert or mountainous areas. In the Arizona
desert alone, since the initiation of the Arizona Border Control Initiative
(ABC) in March of 2004, the Border Patrol has rescued hundreds of aliens in
distress and has unfortunately discovered over 40 aliens who have died in the
attempt to enter the U.S.
  This designation is necessary to remove quickly from the U.S. aliens who are
encountered shortly after illegally entering the U.S. across the land borders.
The ability to detain aliens while admissibility and identity is determined and
protection claims are adjudicated, as well as to quickly remove aliens without
protection claims or claims to lawful status, is a necessity for national
security and public safety. As a critical element of a number of DHS initiatives
to enhance security along the border, the expansion of expedited removal will
increase national security, diminish the number of illegal entries, and impair
the ability of smuggling organizations to operate. Accordingly, for the
foregoing reasons, the Department has determined that public notice and comment
prior to promulgation of this notice would be impracticable, unnecessary and
contrary to the public interest as those terms are used under the APA.
  Although the Department believes for the foregoing reasons that pre-
promulgation notice and comment procedures are not statutorily mandated in this
case, DHS is interested in receiving comments from the public on all aspects of
the expedited removal program, but especially on the effectiveness of the
program, problems envisioned by the commenters, and suggestions on how to
address those problems. DHS believes that by maintaining a dialogue with
interested parties, DHS can ensure that the program is even more effective in
combating and deterring illegal entry, while at the same time protecting the
rights of the individuals affected.
  The expansion of expedited removal under this notice will also support the
Arizona Border Control Initiative (ABC), a program designed to secure and
protect the Arizona border. Working with other Federal, State, local and tribal
entities, DHS has placed significant personnel and technical assets on the
border to decrease the deaths of illegal immigrants in the desert; and to lower
the rate of violent crime related to illegal border traffic in Southern Arizona.
The ABC began operations in March 2004. For the reasons stated above, the ABC's
success will rely in part upon the ability of DHS officers to place inadmissible
aliens apprehended shortly after illegal entry into expedited removal.
  Every year, illegal aliens from many different countries continue to enter the
U.S. illegally across the nation's land borders. It is critical for public
safety and national security that these aliens are not released into the U.S.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

69 FR 48877-01
**(Cite as: 69 FR 48877, \*48880)**

without adequate verification of their identities and backgrounds.
Notice of Designation of Aliens Subject to Expedited Removal Proceedings
  Pursuant to section 235(b)(1)(A)(iii) of the Immigration and Nationality Act
("Act") and 8 CFR 235.3(b)(1)(ii), I order as follows:
  (1) Except as provided in paragraph (5), the Department of Homeland Security,
through its component bureaus, may place in expedited removal proceedings any or
all members of the following class of aliens: Aliens who are inadmissible under
sections 212(a)(6)(C) or (7) of the Act, who are physically present in the U.S.
without having been admitted or paroled following inspection by an immigration
officer at a designated port-of-entry, who are encountered by an immigration
officer within 100 air miles of any U.S. international land border, and who have
not established to the satisfaction of an immigration officer that they have
been physically present in the U.S. continuously for the 14-day period
immediately prior to the date of encounter. Each alien subject to this notice
bears the affirmative burden to show to the satisfaction of an immigration
officer that the alien has been present in the U.S. continuously for the
relevant 14-day period. This notice does not apply to aliens who arrive at U.S.
ports-of-entry, as these aliens are already subject to expedited removal. This
notice will be given effect only with respect to apprehensions made within the
CBP Border Patrol sectors of (Laredo, McAllen, Del Rio, Marfa, El Paso, Tucson,
Yuma, El Centro, San Diego, Blaine, Spokane, Havre, Grand Forks, Detroit,
Buffalo, Swanton, and Houlton).
  (2) Any alien who falls within this designation who indicates an intention to
apply for asylum or who asserts a fear of persecution or torture will be
interviewed by an asylum officer to determine whether the alien has a credible
fear as defined in section 235(b)(1)(B)(v) of the Act, 8 U.S.C. 1225(b)(1)(B)(v)
. If that standard is met, the alien will be referred to an immigration judge
for proceedings under section 240 of the Act, 8 U.S.C. 1229a.
  (3) Any alien who is placed in expedited removal proceedings under this
designation who claims lawful permanent resident, refugee, asylee status, or
U.S. citizenship will be processed in accordance with the procedures provided in
8 CFR 235.3(b) and 8 CFR 1235.3(b).
  (4) Any alien who is placed in expedited removal proceedings under this
designation will be detained pursuant to section 235(b) of the Act, 8 U.S.C.
1225(b), with certain exceptions, until removed. However, aliens determined to
have a credible fear may be considered by DHS for parole in accordance with
section 212(d)(5) of the Act and 8 CFR 212.5. Aliens detained pursuant to the
expedited removal provisions under section 235 of the Act (including those
aliens who are referred after a positive credible fear determination to an
immigration judge for proceedings under section 240 of the Act) are not eligible
for bond, and therefore are not eligible for a bond \*48881 redetermination
before an immigration judge.
  (5) This notice applies to aliens described in paragraph (1) who are
encountered within the U.S. beginning August 11, 2004.
  (6) The expedited removal proceedings contemplated by this notice will not be
initiated against Cuban citizens or nationals.
  Dated: August 3, 2004.
Tom Ridge,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

69 FR 48877-01
**(Cite as: 69 FR 48877, \*48881)**

Secretary of Homeland Security.
[FR Doc. 04-18469 Filed 8-10-04; 8:45 am]
BILLING CODE 4820-02-P
 69 FR 48877-01, 2004 WL 1776983 (F.R.)
END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.