UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATIMA A. ABREU-GOMEZ, : | |
|     Petitioner : | Civ. No. 05-1508 (EGS) |
|     : | |
| v. : | |
|     : | |
| AARON L. CABRERA, et. al., : | |
|     Respondents : | |

**RESPONDENTS' REPLY TO PETITIONER'S OPPOSITION**
**TO RESPONDENTS' MOTION TO DISMISS**

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the petitioner's opposition to respondent's motion to dismiss and renews its motion that the Court dismiss the petitioner's emergency petition for writ of habeas corpus and emergency motion for preliminary injunction or, in the alternative, transfer the petitioner's petition for a writ of habeas corpus, and her motion for emergency stay of removal and immediate release, to the United States District Court for the San Antonio Division of the Western District of Texas. In support of this reply, the respondents submit the following:

The petitioner's habeas corpus action and motion for stay cannot be brought in the District of Columbia, because the Court lacks personal jurisdiction over the "person having custody of the person detained" as required by 28 U.S.C. § 2243.[1] Contrary to her argument, the

---

[1] The government reasserts that the Court also lacks "subject matter" jurisdiction over the petitioner's specific claims for the reasons set forth in the government's motion to dismiss. Contrary to the petitioner's argument, the government did not concede that there was subject matter jurisdiction over the petitioner's specific claims, but, rather, submitted that, should the Court conclude that habeas review was available for the petitioner's specific claims, the only court with personal jurisdiction would be the United States District Court for the San Antonio Division of the Western District of Texas.

-1-

petitioner is challenging her present, physical custody because she is challenging her current, mandatory detention pursuant to a DHS expedited removal order which she argues was erroneously issued.[2] The Supreme Court in Rumsfeld v. Padilla, 124 S.Ct. 2711, 2720 (2004), reiterated that in habeas challenges to present physical confinement, " the immediate custodian, not the supervisory official who exercises legal control, is the proper respondent." The fact that this case arises in the context of immigration law does not exempt it from the "immediate custodian" requirement. While the Supreme Court in Padilla, supra, declined to resolve, because the issue was not properly before the Court, the issue of whether the Attorney General is a proper respondent in a habeas petition filed by an alien detained pending deportation, the Supreme Court noted that the majority of circuit courts of appeal have applied the immediate custodian rule to immigration cases and held that the Attorney General is not a proper respondent. 124 S.Ct. at 2718, n. 8. See, e.g., Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 673-74 (7th Cir. 2003) (Attorney General is not a proper respondent); Roman v. Ashcroft, 340 F.3d 314, 323-26 (6th Cir. 2003) (absent extraordinary circumstances, Attorney General is not proper respondent); Vasquez

---

[2] Although the petitioner argues that she is not challenging her present physical custody, she does not identify any other type of "custody" that she is challenging and her amended petition clearly seeks release from her current mandatory detention and parole during the pendency of any regular removal proceeding. See Amended Petition at 2. Thus, Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), relied upon by the petitioner, is not applicable to this case. Furthermore, contrary to the petitioner's argument, Braden does not allow a petitioner to name a "legal" custodian rather than an "immediate" custodian. Quite to the contrary, Braden merely allows a challenge to "future" custody in the judicial district of that challenged future custody. Padilla, supra, 124 S.Ct. at 2723 (noting that Braden allowed petitioner to challenge his future confinement in Kentucky by suing his Kentucky custodian). Since the petitioner is not challenging "future" custody, the principles of Braden do not apply. Accordingly, petitioner's habeas action alleging that she should not have been placed in expedited removal proceedings and the resulting mandatory detention must be construed as a challenge to her present physical custody.

v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same), cert. denied, 534 U.S. 816 (2001); Yi v. Maugans, 24 F.3d 500, 508 (3rd Cir. 1994) (Attorney General is not a proper respondent); Ozoanya v. Reno, 968 F.Supp. 1, 8 (D.D.C. 1997) (proper respondent was the district INS director in Louisiana, not the Attorney General); but see Armentero v. INS, 340 F.3d 1058, 1073 (9th Cir. 2003) (Attorney General is proper respondent), opinion withdrawn pending further argument, 382 F.3d 1153 (9th Cir. 2004), appeal dismissed on other grounds, 412 F.3d 1088 (9th Cir. 2005).

Moreover, the D.C. Circuit has long adhered to the "immediate custodian rule." See Rodney v. Secretary of the Army, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (proper respondent in habeas petition is petitioner's immediate custodian, not supervisory official who exercises legal control); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 125 S.Ct. 448 (2004); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988)("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-11 (D.C. Cir. 1988)(en banc) (It is well "settled circuit law" that the immediate custodian, not the Attorney General or other federal officials with the power to effectuate petitioner's release, is the only proper respondent in a habeas petition); Guerra v. Meese, 786 F.2d 414, 415-16 (D.C. Cir.1986)(challenge to "custody" must be brought against petitioner's immediate, on-site custodian, rather than a supervisory official located in another district). Therefore, because the petitioner is being detained in Texas, this Court lacks personal jurisdiction over the proper respondent.

Furthermore, even assuming that the Court had subject matter jurisdiction over the petitioner's specific claim and personal jurisdiction over the proper respondents, the Court should dismiss the petition because the petitioner is properly subject to the expedited removal procedures.  The petitioner continues to ignore the plain language of the August 11, 2004 directive and the subsequent explanatory September 14, 2004 memorandum. This directive and memorandum do not exempt all Cubans from the expedited removal process. The August 11, 2004 DHS directive provides:

> (1) Except as provided in paragraph (5), the Department of Homeland Security, through its component bureaus, may place in expedited removal proceedings any or all members of the following class of aliens: Aliens who are inadmissible under sections 212(a)(6)(C) or (7) of the Act, <u>who are physically present</u> in the U.S. without having been admitted or paroled . . . , who are encountered by an immigration officer within 100 air mile of any U.S. international border....<u>This notice does not apply to aliens who arrive at U.S ports-of-entry, as these aliens are already subject to expedited removal</u>.... (emphasis added).

Thus, this directive does not apply to the petitioner, who arrived at the Brownsville port of entry.

The petitioner further contends that this DHS directive exempted all Cuban nationals from the expedited removal process. The petitioner is, once again, in error.  Only those Cuban nationals, already present in the United States, who would now be covered by this directive are exempt from the expedited removal process.  The DHS directive specifically states that it is the expansion of the expedited removal system to certain aliens, who are <u>already present</u> within the United States, that will not apply to Cuban nationals.

> (6) The expedited removal proceedings <u>contemplated by this notice</u> will not be initiated against Cuban citizens or nationals. (emphasis added).

The September 14, 2004 memorandum, which provided guidance to field office directors for the

expedited removal of the expanded class of aliens now subject to expedited removal, likewise did exempt all Cubans from the process. Thus, the directive (and memorandum) only exempts Cuban nationals, <u>who are already present</u> in the United States, who otherwise would fall within the expanded class of aliens subject to expedited removal, and has no application to Cuban nationals who are "arriving" at a port of entry in the United States, by land, as the petitioner was.

## CONCLUSION

For the above reasons and for the reasons stated in the respondent's motion to dismiss, the petitioner's emergency motion for a writ of habeas corpus and emergency motion for preliminary injunction should be dismissed or, in the alternative, should be transferred to the United States District Court for San Antonio Division of the Western District of Texas.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of Respondents' Reply has been filed electronically with the Court, this 22nd day of September, 2005.

                                                                                                                       _____

                                                                                                          Sherri L. Berthrong
                                                                                                          Assistant United States Attorney