UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
**FATIMA A. ABREU-GOMEZ**                 )
**c/o Department of Homeland Security/**   )
  **Immigration and Customs**              )
  **Enforcement (DHSICE)**                  )
**South Texas Detention Complex**          )
**566 Veterans Drive**                              )
**Pearsall, Texas 78061**                         )
                                                          )
        **Petitioner,**                              )
                                                          )   **Case No.: 1:05CV01508**
        v.                                           )   **Judge: Honorable Emmet G. Sullivan**
                                                          )
**HON. MICHAEL CHERTOFF**              )
**Secretary, U.S. Department of**            )
**Homeland Security**                             )
**Washington, D.C.,**                              )
                                                          )
**MICHAEL GARCIA**                            )
**Assistant Secretary for**                       )
**Immigration and Customs**                   )
**Enforcement;**                                     )
**U.S. Department of Homeland Security**  )
**Washington, D.C.,**                              )
                                                          )
**JAY SPARKS**                                     )
**Officer in Charge**                               )
**U.S. Immigration and Customs**            )
**Enforcement**                                      )
**South Texas Detention Complex**          )
**Pearsall, Texas.**                                  )
                                                          )
        **Respondents.**                         )
_____)

## PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW Petitioner, Fatima A. Abreu-Gomez (hereinafter "Petitioner" or "Ms. Abreu-Gomez"), by and through her undersigned counsel, and respectfully petitions this

Honorable Court to (a) issue a writ of habeas corpus to invalidate the expedited removal order entered against her as the result of actions taken by named Respondents at the Department of Homeland Security (hereinafter "DHS") or their designees in violation of applicable law and regulations; and (b) to direct that she be placed in regular removal proceedings pursuant to § 240 of the Immigration and Nationality Act (hereinafter "INA") where she can receive a full evidentiary hearing on the merits of her claims and seek other relief, including parole, pending such hearing.  Petitioner alleges that, notwithstanding their full knowledge that she is a Cuban citizen, Respondents and their designees unlawfully placed her in expedited removal proceedings, and as a result, she is now subject to an unlawful expedited removal order.

## PARTIES

1.      Petitioner, Fatima Abreu-Gomez, is a native and citizen of Cuba and a citizen of Spain.  Respondents are currently detaining Ms. Abreu-Gomez in a DHS detention center in Pearsall, Texas.  Ms. Abreu-Gomez is a former judge in Cuba who fled her homeland in 1998, in fear for her welfare, after she issued judicial rulings perceived as favorable to criminal defendants who had expressed anti-Castro sentiments.  After residing for a period of time in Spain, she traveled in April 2005, via Mexico, to the land border at Brownsville, Texas.  There, she presented herself for inspection by DHS employees, identified herself as a Cuban citizen, and indicated her desire to apply for asylum in the United States.

2.      Respondents are all officials and employees of DHS, which is the federal agency charged with enforcing and executing the immigration and nationality laws of the United States, including conducting credible fear interviews of asylum seekers and initiating removal proceedings against inadmissible or removable non-citizens.

3. Respondent Michael Chertoff is the Secretary of the Department of Homeland Security and is the highest-ranking government official with responsibility for initiating removal proceedings and detaining or paroling inadmissible or removal aliens. His offices are at the Department of Homeland Security, Washington, D.C. 20528. Ms. Abreu-Gomez brings suit against Secretary Chertoff in his official capacity.

4. Michael Garcia is the Assistant Secretary for Immigration and Customs Enforcement at the Department of Homeland Security. He maintains offices at 425 I St., NW, Washington, D.C. 20536. Assistant Secretary Garcia is being sued in his official capacity.

5. Jay Sparks is the Officer-in-Charge of the South Texas Detention Complex. His offices are located at 566 Veterans Drive, Pearsall, Texas 78061. Officer Sparks is being sued in his official capacity.

## JURISDICTION AND VENUE

6. This action is brought, and jurisdiction is conferred upon this Court, under 28 U.S.C. § 2241, 8 U.S.C. § 1252(e)(2) and (3), and the Fifth and Fourteenth Amendments of the United States Constitution.

7. Venue lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) because the Respondents perform their official duties and/or reside in this District, and pursuant to 8 U.S.C. § 1252(e)(3).

## FACTUAL ALLEGATIONS

8. Fatima Abreu-Gomez is a 33-year-old native and citizen of Cuba who arrived at the border of the United States at Brownsville, Texas from Mexico on April 25, 2005. At all times relevant herein, Ms. Abreu-Gomez has remained a Cuban citizen. At the border on April

25th, Ms. Abreu-Gomez presented valid Cuban identification documents, sought admission to the United States, and indicated her desire to apply for asylum here.

9. Applicable DHS regulations, policies, and procedures make clear that Cuban citizens will not be subjected to expedited removal proceedings. These policies and procedures, fully consistent with Congressional intent and the special status accorded Cuban refugees who reach U.S. soil, are memorialized in publicly available directives and guidelines issued to DHS personnel.

10. During the inspection process, notwithstanding the policy against doing so, and with knowledge of her Cuban citizenship, DHS improperly placed Ms. Abreu-Gomez in expedited removal proceedings. After being placed in expedited removal, she was given the initial credible fear determination by a DHS Asylum Officer available to anyone in expedited removal proceedings who expresses a fear of return to her home country. INA § 235(b)(1)(A) and (B); 8 U.S.C. § 1225(b)(1)(A) and (B).

11. On May 9, 2005, the Asylum Officer found that Ms. Abreu-Gomez had established a credible fear of persecution in Cuba but not in Spain, and ordered that she be removed from the United States *immediately* pursuant to INA § 235(b)(1), 8 U.S.C. § 1225(b)(1).

12. Ms. Abreu-Gomez pursued her limited, administrative remedies, as authorized by INA § 235(b)(1)(B)(iii)(III), 8 U.S.C. § 1225(b)(1)(B)(iii)(III), by requesting that an Immigration Judge review the DHS Asylum Officer's adverse credible fear determination.

13. On May 16, 2005, the reviewing Immigration Judge upheld the negative credible fear determination, thereby permitting DHS to proceed with Ms. Abreu-Gomez's removal. No further administrative review of expedited removal orders is available, nor do persons in

expedited removal ever receive full evidentiary hearings. INA § 235(b)(1)(B)(iii)(I), 8 U.S.C. § 1225(b)(1)(B)(iii)(I); INA § 235(b)(1)(C), 8 U.S.C. § 1225(b)(1)(C).

14. On June 7, 2005, Ms. Abreu-Gomez filed a petition for a writ of habeas corpus in the United States District Court, Western District of Texas, Waco Division, seeking review of her expedited removal order under INA § 242(e)(2); 8 U.S.C. § 1252(e)(2).

15. On July 18, 2005, the District Court transferred Ms. Abreu-Gomez's petition to the United States Court of Appeals for the Fifth Circuit, in the mistaken belief that the REAL ID Act, Pub. Law 109-13, 119 Stat. 231, signed by President Bush on May 11, 2005 required that *all* pending habeas corpus petitions, including those challenging § 235 expedited removal orders, be transferred to the Courts of Appeal.

16. The parties agreed before the Fifth Circuit that the District Court's transfer pursuant to the REAL ID Act had been in error. DHS moved to dismiss the case on a number of alternative grounds. On July 26, 2005, the Fifth Circuit Court of Appeals dismissed Ms. Abreu-Gomez's petition for lack of jurisdiction but did not provide the reasoning underlying its decision. Because the Circuit Court did not remand the case to the District Court in Texas, no district court has yet considered Ms. Abreu-Gomez's challenge to the validity of her expedited removal order.

17. Absent intervention by this Court, Fatima Abreu-Gomez faces immediate removal from the United States without having had the opportunity for any substantive judicial review of DHS's determination that she should be deported from the United States via expedited removal proceedings despite her Cuban citizenship, nor any evaluation by the Immigration Court on the merits of her asylum claim.

CLAIMS FOR RELIEF

18.     Ordinarily, the admissibility or deportability of an alien is determined in proceedings conducted by an immigration judge pursuant to INA § 240 (hereinafter "full removal proceedings"); 8 U.S.C. § 1229a.  Aliens who are seeking relief from removal in such full removal proceedings are afforded procedural safeguards to ensure the fairness of the proceedings, including, *inter alia*, the right to be represented by counsel at no expense to the government and the opportunity to examine the evidence to be offered against them.  INA § 240(b)(4); 8 U.S.C. §1229a(b)(4).  They also receive a full evidentiary hearing before an Immigration Judge at which they can testify and present evidence in support of any applications for relief from removal that they may file only with the Immigration Court.  INA § 240(b)(1) and (4); 8 U.S.C. § 1229a(b)(1) and (4); *see also* 8 C.F.R. §§ 1240.1 - 1240.16 (governing conduct of hearings).

19.     Congress created expedited removal proceedings as part of the *Illegal Immigration Reform and Immigrant Responsibility Act of 1996*, Division C of the Omnibus Appropriations Act of 1996 (H.R. 3610), Pub. L. No. 104-208, 110 Stat. 3009 (hereinafter "IIRIRA").  The IIRIRA authorizes the government to place certain limited groups of individuals in summary, expedited removal proceedings in order to ensure their rapid removal from the United States.  *See e.g.,* 142 Cong. Rec. S4608 (daily ed. May 2, 1996) (statement of Sen. Byrd).

20.     Aliens are subject to expedited removal if they attempt to enter the country either without proper documentation or with false documents.  INA § 235(b)(1)(A)(i); 8 U.S.C. § 1225(b)(1)(A)(i).  *See also* 8 C.F.R. § 235.3(b)(1).  Such entrants are automatically deemed inadmissible and may be ordered removed "without further hearing or review unless the alien indicates either an intention to apply for asylum under section 208 or a fear of persecution."  *Id.*

Beginning on April 1, 1997, the effective date of IIRIRA, the Immigration and Naturalization Service, predecessor of DHS, elected to implement expedited removal only against persons deemed inadmissible at a port of entry. 62 Fed. Reg. 10312 (Mar. 6, 1997).

21. On August 11, 2004, then-DHS Secretary Tom Ridge promulgated a regulation that expanded the scope of expedited removal procedures to aliens captured within 100 miles of certain sections of the United States' southwestern border rather than just those entering through a port-of-entry. 69 Fed. Reg. 48877. In this regulation, Secretary Ridge specified that "[t]he expedited removal proceedings contemplated by this notice will not be initiated against Cuban citizens or nationals." *Id.* at 48881. (*See* copy attached as Exhibit A.)

22. On September 14, 2004, Victor Cerda, the Acting Director of the Office of Detention and Removal Operations at DHS ICE Headquarters in Washington, D.C., issued a Directive (hereinafter "Cerda Directive") to the offices in the field clarifying that the proper implementation of expedited removal expressly excluded "citizens and nationals of Cuba" from the set of people who are subject to expedited removal. It flatly states,

> ER [expedited removal] will not be applied to unaccompanied juveniles, **citizens and nationals of Cuba** and El Salvador, and aliens who are members of the Class Action Settlement in American Baptist Churches v. Thornburg, (ABC), which settled the claims of a specific class of Salvadorans and Guatemalans regarding the handling of asylum claims. (Emphasis added.)

(*See* Cerda Directive at 2, copy attached as Exhibit B.)

23. In proceedings dealing with the removal of aliens, the Due Process Clause of the U.S. Constitution requires "at the least that the immigration laws be properly applied to them – that the procedures utilized against them are lawfully applied." *American-Arab Anti-Discrimination Committee v. Ashcroft*, 272 F. Supp. 2d 650, 669 (E.D. Mich. 2003).

24. Because DHS processed Ms. Abreu-Gomez through expedited removal proceedings in clear contravention of its own Regulations and Directives, it violated Ms. Abreu-Gomez's constitutionally guaranteed right to Procedural Due Process.

25. Because she was placed in expedited removal proceedings, Ms. Abreu-Gomes was denied the procedural safeguards that Congress established for full removal proceedings, and she was, and remains, unable to petition for humanitarian parole from custody during the pendency of those proceedings.

26. Because she was placed in expedited removal proceedings, Ms. Abreu-Gomez is being deprived of the opportunity to adjust her status to lawful permanent resident after one year pursuant to the Cuban Adjustment Act, which was enacted by Congress specifically to allow Cuban refugees like Ms. Abreu-Gomez to quickly and easily attain permanent resident status.

27. Congress empowered the United States District Courts with the authority to review expedited removal orders and to order that full § 240 removal proceedings be conducted. INA § 242(e)(2) and (4); 8 U.S.C. § 1253(e)(2) and (4).

28. Congress also specifically authorized judicial review of the validity of the system, including review of challenges to the implementation of § 235 of the INA, 8 U.S.C. § 1225, in the United States District Court for the District of Columbia. INA § 242(e)(3); 8 U.S.C. § 1252(e)(3). This includes review of the implementation of the expansion of the expedited removal process or modifications to it.

WHEREFORE, Ms. Abreu-Gomes respectfully requests that this Honorable Court:

    a) Enter a Writ of Habeas Corpus directing DHS to invalidate the expedited removal order against Ms. Abreu-Gomez;

b) Order that, if Respondents choose to continue to seek Ms. Abreu-Gomez's removal, they do so through full § 240 removal proceedings before an Immigration Judge; and

c) Grant any other relief as this Court may deem just and appropriate.

Respectfully submitted,

/s/ Douglas W. Baruch
Douglas W. Baruch
DC Bar No. 414354
Fried Frank Harris Shriver & Jacobson LLP
1001 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20004
(202) 639-7052 (tel)
(202) 639-7003 (fax)

Karen T. Grisez
Karen T. Grisez
DC Bar No. 435092
Fried Frank Harris Shriver & Jacobson LLP
1001 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20004
(202) 639-7043 (tel)
(202) 639-7003 (fax)

Of Counsel:

EDUARDO SOTO, P.A.
RENEÉ SOTO
999 Ponce de Leon Blvd.
Suite 940
Coral Gables, Florida  33134
Tel. (305) 446-8686
Fax (305) 529-0445

Attorneys for Petitioner